Aultman, Miller & Co. *v.* Timm *et al.*

Filed Jan. 26, 1884.

———————

No. 10,948.

AULTMAN, MILLER & CO. *v.* TIMM ET AL.

EVIDENCE.—*Identity of Person.*—*Name.*—Proof showing the liability of a person bearing the defendant's name, in the absence of countervailing evidence as to the identity of the person, is sufficient to establish the defendant's liability.

From the LaPorte Circuit Court.

*J. A. Love* and *E. G. Thomas*, for appellant.

*M. Nye*, for appellees.

NIBLACK, J.—Complaint by Aultman, Miller & Company, a corporation residing and having its place of business in the State of Ohio, upon a promissory note executed by one William Timm, deceased, for the sum of $55, against Henry C. Timm, Silas S. Nye, Sophia L. Nye, Augusta Timm, Mary

Timm and William Timm, as the heirs at law of the said William Timm, deceased, alleging that the defendants had received the sum of $620.43 as such heirs upon final settlement of the decedent's estate.

There was a return of " not found " as to the three defendants first named, and the three defendants last named, being minors, answered by their guardian *ad litem* in general denial. A trial by the court resulted in a finding and judgment for the defendants.

It is claimed, on behalf of the appellant, that the finding of the court was contrary to the evidence.

Formal proof was made of the granting of letters of administration upon the estate of William Timm, and of the final settlement of his estate; also, that the sum of $622.43 had been distributed to persons bearing names similar to those borne by the defendants, other than Silas S. Nye, whose relations to the case were not explained by the evidence. Satisfactory proof was also made as to the non-residence of the plaintiff, and as to the time within which the suit was commenced. Proof being first made of its execution, the note sued on was likewise read in evidence.

In defence of the finding of the court, it is argued on behalf of the appellees that the death of the maker of the note was not sufficiently proven.

One Wilson testified that he saw William Timm sign the note which was read in evidence. He also stated, " I have heard that William Timm is dead."

Edward King testified: " I knew William Timm and his family; I do not know his children's names; he is dead."

There was nothing in conflict with this evidence, and no specific objection to its *prima facie* sufficiency to prove the death of Timm has been shown in argument; besides, the granting of letters of administration on the estate of Timm afforded at least *prima facie* evidence of his death.

As against adult heirs, who may have received a distribu-

tive share of an estate, the granting of such letters would, doubtless, be held to be conclusive of the death of the alleged decedent. 1 Greenl. Ev., sections 41, 550; *Newman* v. *Jenkins,* 10 Pick. 515.

The general rule is that identity of name is presumptive of identity of person.    2 Greenl. Ev., section 278*d.*

In Phillipps on Evidence it is said: " Generally speaking, it will be considered sufficient *prima facie* evidence to show that a person bearing the same name as the party to the suit did the act with which it is sought to affect such 'party." 2 Phill. Ev. 508.

Where facts are brought out which cast a doubt upon the identity of the party, this general rule will not be allowed to prevail; but there was nothing developed at the trial which made this case an exceptional one in that respect, and applying the general rule as stated, we think the evidence raised a fair presumption that the appellees comprised three out of five persons who seemingly succeeded as heirs to the estate of William Timm, the maker of the note.

A question upon the sufficiency of the service of process upon Augusta Timm has been suggested in argument, but as no objection was made to the sheriff's return in the circuit court, and as no cross error has been assigned here which raises any such question as that suggested, nothing is presented which requires us to make any decision upon the sufficiency of the service of process.

Our conclusion is, that, upon the evidence before it, the circuit court erred in finding for the appellees. 2 R. S. 1876, p. 554, section 178; R. S. 1881, section 2442.

The judgment is reversed, with costs, and the cause remanded for a new trial.

Filed Dec. 11, 1883.    Petition for a rehearing overruled Jan. 26, 1884.