GOLDSTINE *v.* STATE OF INDIANA.

[No. 29,185. Filed May 23, 1955. Rehearing denied June 14, 1955.]

*James P. Murphy, C. A. Lincoln,* and *Robert A. Buhler,* of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *John J. McShane,* Deputy Attorneys General, for appellee.

HENLEY, C. J.—An affidavit on two counts charged Sam Goldstein (1) with second degree burglary under §10-701, Burns' 1942 Replacement, and (2) with possession of burglar tools by one previously convicted of a felony under §10-703, Burns' 1942 Replacement. Defendant-appellant, upon waiving a jury trial, was found guilty by the court and sentenced. Defendant-appellant, in his motion for new trial, urges (1) that the decision of the trial court is not sustained by sufficient evidence; (2) that the decision of the trial court is contrary to law; and (3) that the trial court erred in overruling appellant's many objections to the evidence presented by the prosecution.

Appellant assigns as error the trial court's overruling of his motion to quash, motion in arrest of judgment and his motion for new trial.

Appellee, State of Indiana, urges that this appeal be dismissed because the appellant's assignment of errors was filed under the name of "Sam Goldstine" while the judgment of conviction in the trial court was against one "Sam Goldstein." Technical or secretarial errors of this nature, which do not prejudice the rights of the State or the defendant should be disregarded on appeal and this is especially true in criminal cases. The state should not be allowed to take advantage of technical errors while the defendant is prohibited from asserting the same type of error against the state. §7-2320, Burns' 1933 Indiana Statutes. Furthermore, we believe that the proper names

"Goldstine" and "Goldstein," spelled in a slightly different manner but phonetically identical or nearly so are *idem sonans. Cleaveland* v. *The State* (1863), 20 Ind. 444; *McLaughlin* v. *The State* (1876), 52 Ind. 476; *Selby* v. *State* (1904), 161 Ind. 667, 69 N. E. 463.

Appellant urges that count (1) for second degree burglary is insufficient because it fails to allege that the grocery store of Roy Kellam is a place "other than a dwelling house or place of human habitation" quoting §10-701, Burns' 1942 Replacement, *supra.* In a former appeal, reversed on other grounds, this court expressly held this count adequately charged the crime of second degree burglary. *Goldstine* v. *State* (1952), 230 Ind. 343, 352, 103 N. E. 2d 438. See also: *Lee* v. *State* (1938), 213 Ind. 352, 12 N. E. 2d 949. We adopt that ruling as the law of this case.

Count (2) of the affidavit charging appellant, as a former convict, with possession of burglary tools is attacked by the appellant as being an unreasonable classification and therefore in conflict with Amendment Fourteen, §1 of the United States Constitution and §23, Art. 1 of the Indiana Constitution. Appellant also urges that count (2) is violative of Art. 4, §20 of the Indiana Constitution. Appellant urges that the statute, §10-703, Burns' 1942 Replacement, *supra,* is unconstitutional because it unreasonably classifies ex-convicts. This argument is certainly not tenable. The Habitual Criminal Act, §9-2207, Burns' 1942 Replacement, makes a similar classification and the reasoning in the cases upholding the constitutionality of that act apply equally well to the case at hand. *DeLaTour* v. *State* (1929), 201 Ind. 14, 165 N. E. 906; *Barr* v. *State of Indiana* (1933), 205 Ind. 481, 187 N. E. 259. The argument that the term "burglar tools" is not certain or exact enough to warn a person of his crime is

not valid since it is common knowledge, especially amongst the group classified, i.e., convicted felons, which tools are considered useful in committing burglaries. We therefore hold that this statute is constitutional as to the arguments set forth herein and in view of this court's holding in *Steinbarger* v. *State* (1948), 226 Ind. 598, 83 N. E. 2d 519.

Appellant urges that the trial court erred in admitting certain evidence offered by the State. No question is presented to this court on part of this evidence for the reason that appellants failed to make a timely objection to the admission of said evidence. *Hantz* v. *State* (1931), 92 Ind. App. 108, 166 N. E. 439. Furthermore, appellant failed to substantially comply with Supreme Court Rule 2-17(e) and thereby waives said alleged errors. Supreme Court Rule 2-17(f).

We are of the opinion that appellant was not prejudiced by the admission of any evidence before an able trial judge experienced in questions of admissibility and weight of evidence—unlike the possibility that always is present when a jury of laymen try the case. In any event, he waived any erroneous ruling as above pointed out.

The claimed insufficiency of the evidence brings to the front the fundamental rule of this court, as a court of review, that it will not reverse for insufficiency of evidence if there be any substantial evidence of probative force to support the trial court's decision. It is admitted there was a sharp conflict of evidence from which a jury or judge might make a finding of guilty or not. Much of the factual controversy related to identification of appellant. An experienced and unimpeached state police trooper who lived virtually adjacent to the robbed store testified he saw the three men outside the building; then inside the building shoot-

ing it out with one of the three, wounding him. The others escaped but this officer later identified one of the two who escaped as the appellant after examination of appellant's rogue gallery pictures. The evidence was undisputed as to his previous conviction of a felony (Count 2). There were many circumstances in evidence. The manager said there was no sack or bag of tools in the store when the store was locked up for the night. Police found the sack and tools when they entered the store where the three persons were seen to enter. A revolver was used by at least one of the culprits. The breaking in of the three in concert made each of them the possessor of the revolver or revolvers, being on a joint venture. There is ample substantial and reasonable evidence of probative force to support the decision of the trial Judge, who had the advantageous position of seeing and hearing all of the evidence "live" including the demeanor of all witnesses while testifying. Certainly that evidence most favorable to the appellee State is sufficient to sustain conviction.

In our opinion appellant had a fair trial below and since there appears no reversible error in the case, the decision by this court should be and is affirmed.

Bobbitt, Emmert, Levine and Achor, JJ., concur.

NOTE.—Reported in 126 N. E. 2d 581.