SMITH *v.* STATE OF INDIANA.

[No. 30,017. Filed March 29, 1962. Rehearing denied June 7, 1962.]

Robert A. Ralston, of Bedford, for appellant.

Edwin K. Steers, Attorney General, Carl E. Van Dorn and Patrick D. Sullivan, Deputy Attorneys General, and Robert N. Skinner, Prosecuting Attorney, 81st Judicial Circuit, for appellee.

BOBBITT, J.[1]—Appellant was charged by affidavit in two counts, one charging him with the crime of forgery under Acts 1905, ch. 169, §676, p. 584, being §10-2102, Burns' 1956 Replacement, and the other as being an habitual criminal under Acts 1907, ch. 82, §2, p. 109, being §9-2208, Burns' 1956 Replacement, tried by jury, found guilty on both counts, and sentenced to the Indiana State Prison for not less than two nor more than fourteen years on the count of forgery, and to the State Prison for life on the count as an habitual criminal.

The sole error assigned is the overruling of appellant's motion for a new trial.

Certain questions are raised pertaining to alleged errors as they might affect the judgment based on the first count of the affidavit. However, because of the importance of the question raised concerning

---

1. This appeal was assigned to the writer on March 23, 1962.

the proof necessary to sustain a conviction as an habitual criminal, we feel that this question should be given first consideration.

The second count of the affidavit charges that appellant was convicted of the felony of second degree burglary in the Criminal Court of Marion County, Indiana, on May 16, 1953, and imprisoned in the Indiana State Reformatory as punishment therefor, and that he was convicted of the felony of "Store Breaking" in the Warren Circuit Court of Warren County, Kentucky, on February 5, 1948, and imprisoned in the Kentucky State Reformatory as punishment therefor.

Appellant asserts that the trial court erred in admitting into evidence, over defendant's objection, certain purported records, papers, and documents showing that one Joseph G. Smith was convicted of second degree burglary on May 16, 1953, in the Marion Criminal Court, and sentenced and committed to the Indiana State Reformatory on May 21, 1953; and certain papers and certified copies of records showing that one Joseph Smith was convicted in the Warren Circuit Court of Kentucky on January 6, 1948, of the crime of "Storehouse Breaking" and committed to the Kentucky State Reformatory as punishment therefor.

Appellant further asserts that the evidence is insufficient to support the verdict of the jury finding him guilty as an habitual criminal because there is no evidence in the record which in any way identifies him as being the same person as the Joseph G. Smith named in the Marion County proceedings and as the Joseph Smith named in the Warren County, Kentucky, proceedings.

If appellant is correct in either of these assertions then the trial court erred in overruling his motion for a new trial.

We shall confine our consideration of the questions here presented to the sufficiency of the evidence to support the finding that appellant is an habitual criminal.

We are confronted specifically with the question as to whether or not the introduction of two properly certified copies of prior judgments and two properly certified copies of commitment papers bearing the same or a similar name as that of the defendant on trial, as an habitual criminal, is sufficient to establish beyond a reasonable doubt that such defendant committed the crimes shown in such judgments and commitment papers.

The Habitual Criminal Act provides an additional penalty—of life imprisonment—upon conviction for the commission of a third felony, because of the defendant's previous criminal acts which must be specifically alleged and proved.

In our judgment there must be some evidence, other than a similarity of names, to identify the defendant-appellant, as being the same person as the one named in the former judgments and commitment papers. No man should be sentenced to life imprisonment upon the mere presumption that he has been previously twice convicted of a felony simply because his name is the same as or similar to that appearing in the record of some other conviction.

As we view the situation here, the test in the trial court is not a matter of establishing a prima facie

case, but rather one of proving beyond a reasonable doubt "that the defendant has been previously twice convicted, sentenced and imprisoned in some penal institution, for felonies, . . . ." Acts 1907, ch. 82, §2, p. 109, being §9-2208, Burns' 1956 Replacement, *supra*; *Metzger* v. *State* (1938), 214 Ind. 113, 118, 119, 13 N. E. 2d 519.

Proof beyond a reasonable doubt "requires each juror to be so convinced by the evidence that as a prudent man he would feel safe to act upon such conviction in matters of the highest concern and importance to his own dearest and most important interests, under circumstances where there was no compulsion or coercion upon him to act at all." *Baker* v. *State* (1956), 236 Ind. 55, 61, 138 N. E. 2d 641, 644; *Chambers* v. *State* (1953), 232 Ind. 349, 356, 111 N. E. 2d 816.

The burden rests upon the State to prove beyond a reasonable doubt that the defendant, appellant herein, has been previously twice convicted, sentenced and imprisoned in some penal institution for the commission of a felony. *Metzger* v. *State, supra* (1938), 214 Ind. 113, 119, 13 N. E. 2d 519.

In our judgment the mere introduction into evidence of certified copies of judgments and commitments containing a name which is the same as or similar to that of the defendant, without any supporting evidence to show that the person named in such judgment and commitment papers is the same as the defendant then on trial, is not sufficient to establish the fact that the defendant has previously twice been convicted for the commission of a felony and confined in a penal institution.

In the present case a set of fingerprints was a part of each set of commitment papers which were introduced into evidence. However, no effort was made by the State to show that such fingerprints were those of the defendant-appellant herein, and no other evidence was offered to show that defendant-appellant, Joseph Smith, was the same person as the Joseph G. Smith named in the judgment in the Marion Criminal Court and as the Joseph Smith named in the judgment and commitment papers from the State of Kentucky.

The evidence here on the essential element of the commission of former felonies and commitments in penal institutions is insufficient to sustain a conviction as an habitual criminal and for this reason the judgment of the trial court must be reversed.

Because of the result which we have reached, it is not necessary to consider the other questions properly raised by appellant's brief.

Judgment reversed with instructions to grant appellant's motion for a new trial.

Jackson and Landis, JJ., concur.

Achor, C. J., dissents.

Arterburn, J., dissents with opinion.

### DISSENTING OPINION.

ARTERBURN, J.—The question here is whether or not a person bearing a name is identified prima facie by the use of that name until proof to the contrary appears. Names are used in society solely for the purpose of identifying human beings. A reference to a person by a certain name prima facie identifies that person.

It appears to me that the result of the majority opinion is that every time the name of a defendant in

a criminal case is mentioned in testimony, there must be additional testimony to show that it refers to the specific individual who is the defendant in the case; that there is no assumption whatever that a name mentioned in testimony on the witness stand refers to a defendant of the same name unless that witness or other testimony specifically connects the defendant as that individual. I feel this is not realistic.

If names are not sufficient to identify persons in a criminal case without additional proof, then reference to any other geographical locations, states, cities or towns will be insufficient identification of the location without technical proof showing the exact geographical spot.

It is contended that the prima facie assumption (that when the names are the same it may be assumed the individual is the same) violates the presumption of innocence and casts upon the defendant the burden of denying it by proof. Under such reasoning all rules of prima facie evidence are unconstitutional since they place upon the defendant, if he desires to deny the prima facie case, the choice of taking the stand himself or offering evidence to the contrary.

The Supreme Court of the United States has made very plain that although the Constitution of the United States and the State Constitution give the defendant the right not to testify, it does not prevent the State from building up such a case that the defendant may feel he has no choice but to testify.

In *Stein* v. *New York* (1953), 346 U. S. 156, 73 S. Ct. 1077, 97 L. Ed. 1522, the court said, where the defendant complained that he had no choice but to testify as a prima facie case was made:

"The Constitution safeguards the right of a defendant to remain silent; it does not assure him that he may remain silent and still enjoy the advantages that might have resulted from testifying."

There is not involved in this case any presumption of guilt against the defendant. The question is: What facts make out a prima facie case? That principle is involved in every criminal case. Once a prima facie case is made out, the defendant must determine whether he desires to take the stand or not. Prima facie evidence has no relevancy whatever to the constitutional right of a defendant not to testify if he so chooses.

We have, under the principle of idem sonans, some authority in this State on the question involved. Under that principle, even though the names be spelled differently, if they sound alike, it may be assumed that they refer to the same person until the contrary appears. If the sound of the two names is sufficient to identify the person even though the spelling of the names be different, then where the spelling is the same and the pronunciation is the same, there is all the stronger reason for assuming that the identity is the same. In the *criminal case* of *Goldstine* v. *State* (1955), 234 Ind. 388, 126 N. E. 2d 581, that principle was applied. *The People* v. *Burford* (1947), 396 Ill. 158, 71 N. E. 2d 340; *Aultman, Miller & Co.* v. *Timm et al.* (1883), 93 Ind. 158; 21 I. L. E., Names, §§4 and 6; 65 C. J. S., Names, §15, p. 30; Underhill's Criminal Evidence, 5th Ed., §223, pp. 527, 528.

The trial court and the jury in this case had a right to assume that the appellant was the same person as that named in another conviction with the

same name until evidence to the contrary was presented.

The majority opinion argues that on appeal before us it must appear that the proof was "beyond a reasonable doubt" in the trial court. I cannot see that "proof beyond a reasonable doubt" has any application here, since the principle goes to the *weight* of the evidence in the trial court in a criminal case and is a matter *solely* for the jury or the triers of the facts—not this court on appeal. We do not measure here the weight of the evidence as to proof beyond a reasonable doubt. We only consider on appeal whether there is *any evidence* (prima facie, circumstantial or otherwise) with reasonable inferences to support the verdict. 9 I. L. E., Criminal Law, Sec. 733, p. 229.

In Judge Bobbitt's opinion he points out that certified copies of the finger prints (from the prison showing the defendant's previous conviction) were part of the records in this case and that it would have been an easy matter to have taken the defendant's finger prints for the purpose of comparison. Although that might be the case, still the ease with which corroborating proof could or could not have been made in a criminal case cannot be the criterion by which we must determine here on appeal the sufficiency of the evidence. Most cases would not be here on appeal if the foresight were as good as the hindsight.

The judgment of the trial court should be affirmed.

### ON PETITION FOR REHEARING.

BOBBITT, J.—The state has filed a petition for rehearing in which it asserts that certain photographs, which are a part of State's Exhibits Nos. 20 and 22,

furnished evidence sufficient to identify the defendant-appellant herein as the person named in two previous felony judgments and commitments.

State's Exhibit No. 20, which is a certificate signed by the Superintendent of the Indiana Reformatory, states therein that photograph, fingerprint record and commitment "attached hereto are copies of the original records of Joseph G. Smith" who was committed to the Indiana Reformatory and served a term of imprisonment therein.

State's Exhibit No. 22 is a certificate by the Warden of the Kentucky State Reformatory stating that photographs, fingerprint record and commitment are copies of the original records of Joseph G. Smith who was committed to such institution and served a term of imprisonment therein.

While the photographs referred to were part of State's Exhibits Nos. 20 and 22, there is no testimony that they were photographs of the defendant-appellant, Joseph Smith.

In *Kelley* v. *State* (1933), 204 Ind. 612, 185 N. E. 453, it was held that there was a failure to identify the appellant-Kelley, as the defendant referred to in the various judgments introduced in evidence. In that case certain photographs were admitted in evidence upon testimony of a Bertillon expert that they were photographs of the appellant, but there was no evidence that they were photographs of the defendant-Thomas Jacob Kelley, alias James Ross Petrie, alias Alexander Pousep, alias James Ross Cameron, alias C. E. Harris, convicted in the Delaware Circuit Court, the United States District Court, and in the State of New York. These photographs bore the name of one of the aliases referred to, together with printed statements describing the subject of the photograph as the

criminal, and witnesses testified that the photographs were obtained from the Indiana Reformatory at Pendleton, the police department of New York City, and a detective magazine.

This court there held (at page 619 of 204 Ind.) that "[t]hese photograph exhibits furnish no legal evidence that the appellant was the same person referred to in the judgments."

The circumstances in the present case are similar to those in *Kelley* v. *State, supra,* and in our judgment the rule there applied is applicable to the facts here, and the photographs contained in State's Exhibits Nos. 20 and 22, *per se,* furnished no legal evidence that the appellant herein was the same person referred to in the judgment of the Marion Criminal Court, State's Exhibit No. 19, and the judgment of the Warren Circuit Court of Kentucky, State's Exhibit No. 21.

The State further asserts that we erred in granting appellant a new trial on the issue of forgery. We cannot say from the record here before us that the introduction of State's Exhibits Nos. 19, 20, 21 and 22, showing former convictions and commitments of a Joseph G. Smith, did not influence the jury in its determination of the guilt or innocence of defendant-appellant on the charge of forgery.

The questions decided in the original opinion herein were presented in the argument section of appellant's brief in substantial compliance with the rules of this court, and in our judgment they were properly considered.

For the foregoing reasons the petition for rehearing must be denied.

Petition for rehearing denied.

Jackson and Landis, JJ., concur.

Arterburn, C. J., dissents with opinion in which Achor, J., concurs.

### DISSENTING OPINION.

ARTERBURN, C. J.—It is now revealed on petition for rehearing that there were introduced in evidence (as part of the prison record along with fingerprints of Joseph Smith) photographs certified by the prison officials as those of Joseph Smith committed on two previous felonies. These exhibits not only establish the fact that the person convicted of such felonies was known by the name of Joseph G. Smith (which attorney for appellant admits in his objection thereto is the name of the defendant-appellant in this case) and that the pictures of defendant in each case attached thereto are those of the defendant charged and found guilty of the offenses specified in that particular action.

Certainly the court trying this case and examining the photographs of Joseph Smith in prison, could conclude and did conclude that it was the same defendant sitting in his court room that was being tried in the case now before us. There was, therefore, evidence to support the finding of the trial court as to the identity of the defendant being the same as the man who had been twice previously convicted and was in prison. There is evidence to sustain the judgment of the trial court.

The case of *Kelley* v. *State* (1933), 204 Ind. 612, 185 N. E. 453 is distinguishable. The photographs in that case bore names (aliases) other than that of the defendant. The court there said: (p. 619)

". . . Who provided the names and information on the photographs, and the source of the information, is not shown."

In the case before us this information was properly certified by the warden of the prison.

I think justice to the State and the trial judge requires that this court should admit that its decision is in error and grant a rehearing.

Achor, J., concurs.

NOTE.—Reported in 181 N. E. 2d 520. Rehearing denied 181 N. E. 2d 525.