ROBERT WYMAN SHAW *v.* STATE OF INDIANA.

[No. 1-176A11. Filed October 25, 1976. Rehearing denied November 23, 1976. Transfer denied March 14, 1977.]

*Walter E. Bravard, Jr., Richards, Bennett and Bravard,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant Shaw brings this appeal from his conviction on counts of second degree burglary, possession of burglary tools by a convicted felon, and theft. The issues raised concern the sufficiency of the evidence and the failure of the prosecutor to make an opening statement.

We affirm.

Shaw first contends that reversible error was committed when the prosecutor failed to make an opening statement as required by IC 1971, 35-1-35-1 (Burns Code Ed.). The case was tried to the court on June 16, 1975. At the commencement of the trial, the judge asked the prosecutor if he desired to make an opening statement, and the prosecutor replied that he would waive his opening statement.

IC 1971, 35-1-35-1 (Burns Code Ed.) provides in part:

"The jury being empaneled and sworn, the trial shall proceed in the following order:

First, the prosecuting attorney must state the case of the prosecution and briefly state the evidence by which he expects to support it."

We are of the opinion that the statute, by its own terms, is only applicable to cases tried by jury and that no reversible error was committed when the prosecutor failed to make an opening statement. Moreover, since Shaw failed to object to the prosecutor's waiver of opening statement until after the State had presented its entire case, the issue is waived for lack of a timely objection.

Shaw next contends that the evidence was not sufficient to support his conviction on counts of second degree burglary, possession of burglary tools by a convicted felon and theft.

In reviewing the sufficiency of the evidence to support the convictions, this court may not weigh the evidence or judge the credibility of witnesses, but may only view the evidence most favorable to the State, together with all reasonable inferences which may be drawn therefrom, to see if there is sufficient evidence of probative value to establish all the necessary elements of the offenses. *Stocklin* v. *State* (1976), 169 Ind. App. 49, 345 N.E.2d 863.

The record reveals the following facts: Shaw was seen by a police officer driving a truck away from the immediate area of a business which was later found to have been burglarized.

Shaw was positively identified in court as the driver of the truck, and it was established that he owned the truck. During the time the officer was following the truck, it exceeded the posted speed limits and ran several stop signs. Shaw attempted to flee on foot after being told to halt by a police officer. The truck Shaw was driving contained tools and display boards taken from the burglarized store. Also found in the truck was a pry bar which matched the dents in the molding of the pried door on the burglarized premises. Further, the prosecution submitted evidence of Shaw's prior felony conviction.

This evidence was sufficient to support Shaw's conviction on counts of second degree burglary, IC 1971, 35-13-4-4(b) (Burns Code Ed.), possession of burglar tools by a convicted felon, IC 1971, 35-13-8-1 (Burns Code Ed.), and theft, IC 1971, 35-17-5-3 (Burns Code Ed.).

Shaw also directs an argument to the constitutionality of IC 1971, 35-13-8-1 (Burns Code Ed.), but this issue is waived because it was not included in his motion to correct errors. Moreover, the constitutionality of the statute has previously been affirmed by our Supreme Court. *State* v. *Goldstine* (1955), 234 Ind. 388, 126 N.E.2d 581.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 355 N.E.2d 879.