BOBBY LEE JONES *v.* STATE OF INDIANA.

[No. 177S3. Filed November 9, 1977.]

*John S. Bloom*, of Columbia City, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Jones was convicted of second-degree burglary and theft by a jury on July 12, 1976, in Whitley Circuit Court. On July 14, 1976, he was convicted by a jury in the same court of being an habitual criminal. Appellant was sentenced to imprisonment for two to five years for second-degree burglary, fined five-hundred dollars for theft, and sentenced to life imprisonment for being an habitual criminal.

Two issues are raised in regard to appellant's conviction as an habitual criminal; (1) that various records of appellant's

prior convictions and commitments were improperly admitted into evidence; (2) that there was insufficient evidence to support the conviction. Although appellant raises no questions in regard to his convictions for second-degree burglary and theft, we find a third issue for our review in this case involving the sentences given for those crimes.

## I.

Two records from the Indiana State Reformatory relating to appellant's prior convictions and commitments, in 1963 for petty larceny and in 1967 for second-degree burglary, were admitted under the public document exception to the hearsay rule, Ind. Code § 34-1-17-7 (Burns 1973) :

> "Exemplifications or copies of records, and records of deeds and other instruments, or of office books or parts thereof, and official bonds which are kept in any public office in this state, shall be proved or admitted as legal evidence in any court or office in this state, by the attestation of the keeper of said records, or books, deeds or other instruments, or official bonds, that the same are true and complete copies of the records, bonds, instruments or books, or parts thereof, in his custody, and the seal of office of said keeper thereto annexed if there be a seal, and if there be no official seal, there shall be attached to such attestation, the certificate of the clerk, and the seal of the circuit or superior court of the proper county where such keeper resides, that such attestation is made by the proper officer."

The Reformatory records were certified copies of commitment orders and fingerprints. They were attached to certification by George W. Phend, who certified: that he was the Superintendent of the Indiana Reformatory; that in his office he had legal custody of the original files and records of persons committed to said institution and that the attached records were those original records, being duplicate copies of those appearing in the files and records. The exemplification carried a certification of the Madison Circuit Court and the Madison Circuit Court Clerk that George W. Phend was the proper officer who had custody of the exhibits

as Superintendent of the Indiana Reformatory located in Madison County.

None of appellant's arguments against admission of these two Reformatory records have any merit. Appellant states that identifying marks put on the records by Reformatory personnel after receiving them from Whitley Circuit Court are alterations which make the records inadmissible. These marks, however, showing such things as the date of the receipt of the documents, a personnel number assigned to the person being committed, and the Court's exhibit number, in fact completed the documents for the purposes of the Reformatory's records. The marks represent the authority of the institution to take custody of the prisoner and to imprison him for the time provided therein. Appellant next argues that these records do not comply with the statute since they were not made by Superintendent Phend, and since he did not have firsthand knowledge of their contents. The statute, however, clearly provides that the exhibit is admissible if exemplified by the keeper of the records. Many records are held by custodians who do not make them and who are without firsthand knowledge of the records' every detail. Ind. R. Tr. P. 44 (A) (1) provides that proof of an official record may be evidenced by an official publication, or a copy attested to by the officer having legal custody of the record or his deputy. This rule is made applicable to criminal trials through Ind. R. Crim. P. 21. *Eldridge* v. *State*, (1977) 266 Ind. 134, 361 N.E.2d 155, 158. Finally, appellant argues that the Reformatory records are not "public" records within the meaning of the statute, since they are not available for examination by members of the public. This contention is without merit, since the office of the Superintendent of the Indiana Reformatory is a public office.

Appellant next challenges the admission of index cards containing his thumbprints, and record sheets containing the histories of his confinement at the State Reformatory. These

documents were admitted through the testimony of Mr. Sam Whiteman, who held the position of administrative assistant to the parole board at the Indiana Reformatory. He identified each of the exhibits and testified that they were exact duplicate copies of records in his custody at the Reformatory, kept under authority of his office and for the furtherance of the duties of his office. Appellant argues that these documents do not qualify either as public documents or under the business records exception to the hearsay rule, because Mr. Whiteman could not testify that he made the records, had firsthand knowledge of when they were made, by whom they were made, or what the contents were.

The requisites for admission of a hearsay document offered under the "business record" exception are set forth in *American United Life Ins. Co.* v. *Peffley*, (1973) 158 Ind. App. 29, 36-37, 301 N.E.2d 651, 656, *rehearing denied* 158 Ind. App. 29, 306 N.E.2d 131:

> "A synthesis of the Indiana cases treating what modern authorities call the 'business record' exception to the hearsay rule is that documentary evidence is admissible if identified by its entrant or one under whose supervision it is kept and shown to be an original or first permanent entry, made in the routine course of business, at or near the time of the recorded transaction, by one having both a duty to so record and personal knowledge of the transaction represented by the entry."

This does not mean, however, that the sponsor of the exhibit must have personally made it, filed it, or have had firsthand knowledge of the transaction represented by it. He need only show that it is part of the records kept in the routine course of business and placed in the record by one authorized to do so, who had personal knowledge of the transaction represented at the time of entry. *Burger Man, Inc.* v. *Jordan Paper Products, Inc.,* (1976) Ind. App., 352 N.E.2d 821, 830; *Hirsch* v. *Merchants Nat'l Bank & Trust Co. of Indiana,* (1975) Ind. App., 335 N.E.2d 833, 837-38; *American United Life, supra.*

The final exhibit objected to by appellant is a set of his fingerprints taken on the night he was arrested for the burglary giving rise to this conviction. It also contains the Social Security number and birth date of appellant, which facts were given to the police by appellant that night. Appellant objected to the admission of this exhibit on the basis that the state had compelled him to incriminate himself by taking the above information, and that the state had not shown that he had knowingly and intelligently waived his right to remain silent when he gave such information to the police. We have previously held, however, that fingerprinting is a simple jailhouse procedure which is not violative of the privilege against self-incrimination. *Frances* v. *State,* (1974) 262 Ind. 353, 316 N.E.2d 364. The court properly admitted this exhibit.

## II.

Appellant's next argument is that there was insufficient evidence to convict him as an habitual criminal under Ind. Code § 35-8-8-1 (Burns 1975). This statute provides that one shall be deemed an habitual criminal if "twice convicted, sentenced and imprisoned in some penal institution for felony." Appellant argues that the state's proof of prior imprisonments did not meet the standard required by *Smith* v. *State,* (1962) 243 Ind. 74, 181 N.E.2d 520. *Smith* held that certified copies of judgments and commitments containing defendant's name, without any proof that the person named in such papers was the same person as the one on trial, was insufficient. The commitment papers in *Smith* contained sets of fingerprints, but the state made no effort to show that the fingerprints were those of the defendant.

In the present case, both a handwriting expert and a fingerprint expert testified for the state. They were able to identify appellant Jones' signature and fingerprints on the records of his previous convictions and commitments, in 1963 for petty larceny and in 1967 for

second-degree burglary. These records also carried appellant's Social Security number. There was thus ample evidence from which the jury could find that appellant was twice previously convicted of felonies for which he was committed and imprisoned, pursuant to the statute and within the evidentiary requirements of the *Smith* case.

### III.

Though the issue has not been raised, we note sua sponte that the trial court erred in sentencing appellant Jones. The appellant was convicted of both second-degree burglary and theft, based upon the same incident, and statutory penalties were imposed for both. In this situation, theft was a lesser included offense of the burglary. *Sansom* v. *State*, (1977) 267 Ind. 33, 366 N.E.2d 1171. Further, the appellant was then sentenced as an habitual criminal after the burglary conviction. This is what occurred in the case of *Eldridge* v. *State*, (1977) 266 Ind. 134, 361 N.E.2d 155, where this court held at p. 159:

> "The life sentence is not imposed as an additional sentence to the sentence imposed for the instant crime, but is properly imposed as an alternative sentence for the instant crime. Therefore appellant should have been sentenced to life imprisonment for the crime of second degree burglary, he having been found to be an habitual criminal."

Thus, the sentence of appellant Jones must be corrected.

This case is therefore remanded to the trial court with instructions to correct the sentence accordingly.

All justices concur.

NOTE.—Reported at 369 N.E.2d 418.