William TRICE, Appellant,

v.

STATE of Indiana, Appellee.

No. 684S257.

Supreme Court of Indiana.

April 1, 1986.

Diane McNeal, Public Defender's Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Latrielle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

After a bench trial, appellant William Trice was convicted of burglary, a class C felony, and of attempted theft, a class D felony. He was also found to be an habitual offender.

Trice raises four issues in this direct appeal:

(1) Whether the evidence is sufficient to establish two of the elements required to prove a burglary, namely, breaking and intent to commit a felony;

(2) Whether the evidence is sufficient to sustain his attempted theft conviction;

(3) Whether the State's documentation during habitual offender proceedings sufficiently identified him as the person named in the prison records, and

(4) Whether one of the State's exhibits used to establish a prior conviction was properly authenticated.

The evidence at trial favorable to the trial court's judgment showed that at 12:30 p.m. on Christmas Eve, 1982, employee Steven Fessler left the Gross Sporting Goods Store in Gary and locked the door. At 10 p.m. the following day, the police responded to a reported burglary in progress at this store. Even though the store was still locked when the police arrived, Officer Wood observed movement within. Wood checked the neighboring buildings and discovered the door of an adjacent hotel was unlocked. When the police entered the hotel they observed a hole in the wall of a storage room. The hole was large enough to permit a man to crawl through the common wall and enter the sporting goods store next door.

The police apprehended one George Gaines as he was attempting to exit the hotel. Gaines told the police that another man named William was still in Gross Sporting Goods.

Several officers entered the store through the hole and apprehended appellant, who was crouched in a small room.

When Fessler arrived at the store at 11 p.m. on Christmas day, he saw that the merchandise was strewn on the floor. An inventory conducted two days later revealed that $20,000 in merchandise had been stolen.

### I. Sufficiency of the Evidence: Burglary

Appellant's sufficiency argument is predicated upon two claims. He first maintains that walking through an existing hole in the wall of the store does not constitute a "breaking" as defined by Ind.Code § 35–43–2–1. Second, Trice contends that his unexplained presence in the store is insufficient to establish an intent to commit a felony.

When the sufficiency of the evidence is at issue, this Court does not weigh the evidence or judge the credibility of the witnesses. Rather, we consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value which would permit a trier of fact to find the existence of each element of the offense beyond a reasonable doubt, then the judgment must be affirmed. *Richards v. State* (1985), Ind., 481 N.E.2d 1093.

A "breaking" is established when even the slightest force is used to gain

unauthorized entry: even opening an un-locked door is sufficient. *Howard v. State* (1982), Ind., 433 N.E.2d 753. Trice asserts that there was not any evidence that he participated in making the hole in the common wall and that evidence of mere presence in the store does not constitute proof beyond a reasonable doubt that he did so. Whether that is correct or not, one need only accept appellant's version of the events in order to sustain the conviction. At trial appellant testified that he turned the knob and then pushed the hotel door open. He proceeded to enter the store through the hole in the north wall of the hotel storage room. For purposes of the burglary statute, a "breaking" occurs even though immediate access to the targeted premises is not achieved as long as entry to the targeted premises is afforded.

■ Appellant's second contention that the evidence is insufficient to establish his intention to commit a felony flies in the face of his own trial testimony. Trice admitted during cross-examination that he entered the store with the intention to remove merchandise.

## II. Sufficiency of the Evidence: Attempted Theft

Appellant argues that the State failed to prove that he acted with the required culpability or engaged in conduct which constituted a substantial step toward the commission of theft. He therefore maintains that the evidence is insufficient to sustain his attempted theft conviction. We disagree.

■ To constitute a criminal attempt, the appellant must have had the state of mind required for a particular substantive offense and have conducted himself so as to take a substantial step towards commission of that offense. *Land v. State* (1984), Ind., 470 N.E.2d 697. The evidence established that Trice "broke" the door and entered the premises for the purpose of committing a theft. For these acts he was properly convicted of burglary.

The evidence also indicates that Trice did take an additional step towards exerting unauthorized control over the property of another person. Ind.Code § 35-43-4-2; Ind.Code § 35-41-5-1. The evidence showed that goods were strewn on the floor and that $20,000 worth of merchandise had already been removed from the store. From these facts the jury could infer that Trice followed through on his intent to commit theft by committing additional acts which constituted a substantial step toward the commission of theft. *Deamus v. State* (1985), Ind., 479 N.E.2d 1319.

## III. Habitual Offender Documentation: Identity

Appellant argues that the documentation presented to establish that he was an habitual offender was deficient because the State never established that Trice was the same person who was named in the documents.

The State submitted as exhibits certified prison records from the Department of Corrections in support of its claim that Trice had been convicted and imprisoned for two prior unrelated felonies. Each exhibit consisted of a commitment order for William Trice, the fingerprints of the William Trice who was incarcerated pursuant to the order, and the photograph and description of the William Trice who was incarcerated.

Appellant cites *Smith v. State* (1962), 243 Ind. 74, 181 N.E.2d 520, for the proposition that records similar to these are inadequate to sustain an habitual offender determination, that there must be "testimony that they were the photographs of the defendant-appellant." *Smith*, 181 N.E.2d at 525. In *Smith*, the Court voted 3-2 to reverse convictions based on similar documents. In the majority opinion, on rehearing, Justice Bobbitt cited *Kelley v. State* (1933), 204 Ind. 612, 185 N.E. 453, in which the State had presented a confusing series of exhibits-judgments, commitment orders, indictments, transcripts, photographs—showing cases involving defend-

ants of differing names from proceedings in three different states. Some of the exhibits contained information with no identifiable source. The Court concluded that this melange of documents furnished "no legal evidence that the appellant was the same person referred to in the judgments." *Kelley*, 185 N.E. at 456.

Dissenting in *Smith, supra*, Justice Arterburn, with whom Justice Achor concurred, found *Kelley* distinguishable on the basis that some of the documents did not indicate who was the source of the information. More importantly for the case at bar, Justice Arterburn wrote:

> These exhibits not only establish the fact that the person convicted of such felonies was known by the name of Joseph G. Smith (which attorney for appellant admits in his objection thereto is the name of the defendant-appellant in this case) and that the pictures of defendant in each case attached thereto are those of the defendant charged and found guilty of the offenses specified in that particular action.
>
> Certainly the court trying this case and examining the photographs of Joseph Smith in prison, could conclude and did conclude that it was the same defendant sitting in the court room that was being tried in the case now before us.

181 N.E.2d at 526.

This view is consistent with the Chief Justice Givan's more recent description of the kind of evidence which is adequate to sustain an habitual offender determination. *Coker v. State* (1983), Ind., 455 N.E.2d 319. In that case the appellant argued that the State should be required to submit judgments and commitment papers with fingerprints and photographs attached to show that the individual involved in the earlier proceedings was the same person as the one on trial. The Chief Justice concluded that such evidence would be sufficient but that other forms would also suffice. In *Coker*, the other evidence included testimony by a court reporter who had been present in Coker's earlier trials.

The exhibits here are quite straightforward, all issued and authenticated by the same official; the photographs of William Trice are clear. Counsel for Trice did not argue at trial, nor has he argued on appeal, that the photographs or the other items in the exhibit are really those of someone other than his client. This would have been a difficult argument to make in front of the trial judge, since Trice testified during the trial of the underlying felonies and admitted his earlier convictions.

The State has urged us to overrule *State v. Smith, supra*, and hold that the finder of fact may make an habitual offender determination without the benefit of any testimony linking the defendant to earlier crimes. The State argues that the jury or the trial judge should be permitted simply to compare the photographs contained in the certified records with the defendant sitting in court and reach a conclusion of about identity.

While this invitation to overrule *Smith* is not without appeal, an appellate tribunal does not overrule precedent "unless the overruling opinion is so inconsistent with earlier opinion that both cannot stand together." *Department of Treasury v. City of Linton* (1945), 223 Ind. 363, 372, 60 N.E.2d 948, 952.

We conclude that this case differs from *Smith* in that there was explicit testimony here linking the defendant to the records of the earlier felonies; that testimony was the defendant's own. The trial judge adopted the defendant's prior testimony as a basis for admitting the certified documents which memorialized the prior felonies and specifically incorporated the defendant's earlier admissions as a part of the evidence upon which he based his finding on the habitual offender question.

The evidence identifying Trice as the same individual who had been convicted of the prior felonies was more than adequate.

## IV. Authenticity

Finally, appellant argues that State's exhibit 5 did not satisfy the authenticity re-

quirements of Ind.Code § 34–1–17–7 and was therefore improperly admitted as evidence of a prior conviction. He specifically alleges that this exhibit did not have a seal of the office of the record keeper or of the court of the county where the keeper resides. Contrary to appellant's assertion, the seal of the Indiana Reformatory is affixed to this exhibit.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.