Terry SULLIVAN, Appellant,
(Defendant Below),

v.

STATE of Indiana, Appellee,
(Plaintiff Below).

No. 53A01–8708–CR–204.

Court of Appeals of Indiana,
First District.

Jan. 21, 1988.

Patrick M. Schrems, Deputy Public Defender, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Terry Sullivan appeals his conviction of operating a vehicle with a blood-alcohol content of ten-hundredths percent or more, a class D felony.[1] We affirm the conviction as a class C misdemeanor but reverse the conviction's enhancement to a class D felony.

Sullivan raised essentially three issues for review, but because of our disposition on the sufficiency question, we need not address the question whether the trial court erred in denying Sullivan's motion to suppress.[2]

## I.

Sullivan contends the evidence is insufficient to establish that he had a blood-alcohol content of ten-hundredths percent at the time of the alleged offense, and also argues that the evidence is insufficient to support the enhancement of the offense to a class D felony because the State failed to demonstrate that he was the person convicted of operating a vehicle while intoxicated in Greene County in 1984 as the State alleged.

With respect to the underlying substantive offense, Sullivan claims the evidence is insufficient to show that at the time he operated the vehicle, his blood-alcohol content was at least ten-hundredths percent because the State failed to present any evidence of extrapolation or chemical test results obtained at the time of the alleged violation. Sullivan was stopped by the police at 10:45 p.m. on the date alleged in the information. A breathalyzer test was administered to him at 11:10 p.m. on the same evening.

Sullivan was convicted of the offense defined in IND.CODE 9–11–2–1 which pro-vides that "[a] person who operates a vehicle with ten-hundredths percent [.10%], or more, by weight of alcohol in his blood commits a class C misdemeanor." Sullivan directs our attention to the second district's decision in *Smith v. State* (1986), Ind.App., 502 N.E.2d 122, 127, *trans. denied* in which this court considered the admissibility of breathalyzer test results in a prosecution for driving while intoxicated under I.C. 9–11–2–2. There, the court expressed its belief that extrapolation would be required to support a conviction under I.C. 9–11–2–1 "by the clear language of the statutes." The court did not define extrapolation; neither did it express any opinion on the question of whether such evidence must be derived exclusively from expert testimony,[3] as the necessity of such evidence was not at issue in the case.

We are of the opinion that given the factual circumstances of this case, the jury could reasonably have determined that Sullivan's blood-alcohol level met or exceeded ten-hundredths percent at the time of the offense without expert testimony relating the chemical test result back to the time of violation. Breathalyzer test results obtained twenty-five minutes after Sullivan was stopped indicated a blood-alcohol content by weight of twenty-hundredths percent (.20%). Sullivan testified that on the evening of his arrest, he consumed nine or ten beers in a one-hour period, slept for about three hours, got up, consumed a cup of coffee, got into his truck and drove one block to a friend's house where he was stopped by the arresting officer. Police records indicate he reported at the time of his arrest that he did not know how many beers he had consumed on that evening. The record indicates that Sullivan had not eaten for over twenty-four hours before his

---

**1.** IND.CODE 9–11–2–3.

**2.** Sullivan argues the trial court erred when it allowed the jury to hear evidence of his 1984 conviction of operating while intoxicated, relying primarily upon *Baldasar v. Illinois* (1980), 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 which holds that an uncounseled misdemeanor conviction may not be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term.

**3.** The *Smith* court cites *State v. Sutliff* (1976), 97 Idaho 523, 525, 547 P.2d 1128. In that decision, the court referred to extrapolation as "the process of determining the percentage of alcohol in the blood at a given number of hours prior to the time the sample was taken. The process involves adjusting the amount of blood alcohol by a given percentage determined by the amount of time prior to taking samples." 547 P.2d at 1129, n. 1.

arrest. The arresting officer testified that he observed Sullivan during the ride to the police post and Sullivan did not put anything in his mouth at that time. The record establishes the officers followed the method approved by the state department of toxicology in administering the chemical test to Sullivan which involves an observation period of twenty minutes during which no food or drink may be consumed by the individual to be tested.

We believe it reasonable to presume the jury was aware Sullivan's blood-alcohol level could have been higher or lower than the level indicated by the test, at the time of the violation. In light of the fact that the undisputed evidence establishes Sullivan did not ingest any alcohol for a period of at least three hours and twenty minutes before the blood-alcohol sample was taken, and Sullivan was tested within a short time after the alleged violation, the jury could have logically reached the conclusion, based upon common sense and experience gained from everyday living, that Sullivan's blood-alcohol level was higher at the time of the alleged violation than it was when Sullivan was tested. Nonetheless, the circumstantial evidence presented, when viewed in the light most favorable to the verdict, is ample to sustain the jury's conclusion that Sullivan operated the vehicle with at least ten-hundredths percent of alcohol in his blood. *See, Pollard v.*

*State* (1982), Ind.App., 439 N.E.2d 177, 186.[4]

■ Sullivan also contends the evidence will not suffice to establish his identity as the person who was convicted previously of operating a vehicle while intoxicated. The State alleged in its information that Terry J. Sullivan was previously convicted of the offense of operating a vehicle while intoxicated in Greene County, Indiana, on or about October 29, 1984. During the enhancement phase of the trial, the State's case-in-chief consisted of two documents: a certified copy of a docket sheet from Greene County Court, cause no. CC CR 84–353 T showing the conviction on October 4, 1984 of a Terry J. Sullivan of operating a vehicle while intoxicated, and a certified copy of the driving record and abstract of court conviction of a Jerry J. Sullivan, "D.O.B. 12/13/58" showing a "conviction (DWI)" on October 29, 1984 in Greene County.[5] The prosecution offered these documents as self-authenticating exhibits, resting its case without any other evidence or testimony.

■ We agree with Sullivan that these documents alone are an inadequate basis for determining that this defendant committed the driving offense charged in the information. In recidivist proceedings, a mere document relating to a conviction of one with the same name as the defendant will not suffice to demonstrate that this

4. We note the legislature has resolved the evidentiary problem identified in the *Smith* decision by amending the statute. Effective July 1, 1986, IND.CODE 9–11–4–15 provides that:
(a) At any proceeding concerning an offense under IC 9–11–2, evidence of the amount by weight of alcohol that was in the blood of the person charged with the offense:
(1) At the time of the alleged violation; or
(2) Within the period of time allowed for testing under section 2 [9–11–4–2] of this chapter;
as shown by an analysis of the person's breath, blood, urine, or other bodily substance, is admissible.
(b) If in a prosecution for an offense under IC 9–11–2, evidence establishes that:
(1) A chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and

(2) The person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the test sample was taken;
the trier of fact shall presume that the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the person operated the vehicle. However, this presumption is rebuttable.

5. The Bureau of Motor Vehicles document offered by the State in this case does not suffer from the same deficiency as the computer printouts or records introduced in *Jennings v. State* (1987), Ind.App., 503 N.E.2d 906, *trans. denied* cited by Sullivan. The document in this case unambiguously indicates a conviction rather than an arrest. *See also, Cunningham v. State* (1982), Ind.App., 438 N.E.2d 308, 310, *trans. denied.*

defendant was, in fact, the person convicted of the prior offense. *Thomas v. State* (1984), Ind., 471 N.E.2d 677, 680; *Duncan v. State* (1980), 274 Ind. 144, 409 N.E.2d 597, 601. It has long been recognized that certified copies of judgments or commitments containing the same name or a name similar to a defendant's may be introduced to prove the conviction of prior offenses; however, there must be other supporting evidence to identify the defendant as being the same person named in the documents. *Pointer v. State* (1986), Ind., 499 N.E.2d 1087, 1089; *Coker v. State* (1983), Ind., 455 N.E.2d 319, 322. Thus, it is apparent that the Bureau of Motor Vehicles (BMV) report, which shows a conviction on the date alleged in the information, alone, will not suffice to establish this defendant's identity as the individual previously convicted in 1984.

Neither could the jury have considered the two documents together and determined identity beyond a reasonable doubt since the documents involved here tend to prove the same fact, namely, that a prior conviction occurred. When viewed in the light most favorable to the verdict, the docket sheet is at best cumulative evidence of facts established by the BMV report. Here, however, the docket sheet could also serve to render the reliability of the BMV report suspect, and perhaps lessen its tendency to prove that a conviction occurred on the date alleged in the information since it reflects a date of conviction of October 4, 1984.[6]

The State maintains it presented other supporting evidence sufficiently connecting Sullivan with the documents when it offered in its case-in-chief on the substantive charge a document identified as an alcohol influence report. The report contains a birthdate of December 13, 1958 for the defendant in this case, the same date of birth reflected in the BMV report.

At trial, Sullivan acknowledged that he signed the section of the report which gave his consent to the breathalizer test but

testified that he did not fill out the form himself. There is no evidence in the record establishing that the birthdate was obtained from Sullivan at the time of his arrest although there was testimony that certain questions on the back of the form in the section entitled "Interview" were asked of Sullivan after the breathalyzer was administered. The record does not reflect that the State directed the jury's attention to the birthdate when the exhibit was circulated among the jury's members.

The circumstances presented here are controlled by our supreme court's decision in *Kelley v. State* (1933), 204 Ind. 612, 185 N.E. 453. There, the State's proof of Kelley's habitual offender status consisted of: a certified transcript of judgment in *State v. Pousep*, which failed to show that Pousep had been convicted of the crime alleged in the indictment; a certified copy of a judgment and indictment in *State v. Cameron*, which also failed to show a conviction of the crime alleged in the indictment; and a certified copy of an indictment against James Ross Petrie, which did not indicate that a judgment of conviction had been entered. The court held that, in addition to the failures of the evidence described above, there had been a complete failure to identify Kelley as the defendant referred to in the various judgments. The State's Bertillon expert testified that certain photographs were photos of Kelley but the court concluded there was no legal evidence the photographs were also pictures of Pousep, Cameron or Petrie because the State had failed to identify the source of the names transcribed on the back of the pictures, the sole link between Kelley and the various defendants. Decisions subsequent to *Kelley, supra* which have explained the decision have focused on the court's concern that the source of the information linking the photographs with the various defendants was unidentifiable. *See e.g. Trice v. State* (1986), Ind., 490 N.E.2d 757, 761.

The evidence in the case before us suffers from an evidentiary weakness analo-

---

**6.** The docket sheet does establish that a Terry J. Sullivan was sentenced on a driving offense on

October 29, 1984.

gous to that which existed in *Kelley, supra.* Here, the only evidence linking this defendant with the BMV's Jerry J. Sullivan is a birthdate contained on documents prepared by the police, without any showing of the information's source, which could have been BMV records.[7]

We find additional reason for concluding that the evidence presented in this case will not suffice to establish Sullivan's identity as a recidivist in decisions which have followed the rule that there be supporting *testimony* as well as documentary evidence establishing the identity of an accused as a recidivist, *see, Smith v. State* (1962), 243 Ind. 74, 181 N.E.2d 520, 525, overruled 500 N.E.2d 144 and *Trice, supra.*[8] Last year our supreme court modified the rule pronounced by *Smith, supra, see Seeglitz v. State* (1986), Ind., 500 N.E.2d 144, holding that there need not be testimony connecting the exhibits where photographs and fingerprint sheets attached to commitment records are offered and the physical characteristics of the individual previously convicted have also been documented in the commitment records. *See Meredith v. State* (1987), Ind., 503 N.E.2d 880 (*Smith, supra,* overruled to the extent it conflicts with court's holding in *Seeglitz, supra*).

Here, the sole piece of evidence which might establish Sullivan's identity was presented to the jury on an exhibit at a time during the trial when the jury had no knowledge Sullivan's identity as a recidivist was at issue. Unlike the situation where the State presents a witness's testimony which directly connects a defendant with a prior conviction or a photograph which jury members could compare with the description contained on the commitment records and the individual seated in the courtroom, here the manner of presentation provides no assurance that the jury received the essential connecting evidence to use in its deliberations on enhancement. In our view, the State's failure to highlight the birthdate with testimony, in the substantive or enhancement phase, renders the evidentiary link too tenuous to permit a reasonable juror to find beyond a reasonable doubt that this defendant was previously convicted as alleged in the information.

For these reasons, we conclude the evidence is insufficient to enhance Sullivan's conviction to a class D felony. We direct the trial court to vacate the judgment of conviction as a class D felony and resentence the defendant accordingly.

## II.

Sullivan contends the trial court erred in giving preliminary and final instructions Nos. 10 and 11 on the charge of driving while intoxicated, I.C. 9–11–2–2, a charge of which Sullivan was acquitted. Whatever the error resulting from these instructions, it clearly did not harm Sullivan. A defendant may not argue reversible error from instructions given on an issue determined in his favor. *Green v. State* (1984), Ind., 469 N.E.2d 1169, 1174. *See also, Parrish v. State* (1984), Ind.App., 459 N.E.2d 391, 394, *trans. denied.*

Judgment affirmed in part and reversed in part.

RATLIFF, C.J., and NEAL, J., concur.

---

**7.** A second exhibit filled in by the arresting officer at about the same time as the alcohol influence report reveals the name Jerry J. Sullivan was originally written on the form and subsequently changed.

**8.** The supporting testimony need not be given during the enhancement phase of the trial, *Her-* *nandez v. State* (1982), Ind., 439 N.E.2d 625, 630. It has, however, generally taken the form of a defendant's admissions. *See e.g., Hernandez, id., Trice, supra; Yurina v. State* (1985), Ind., 474 N.E.2d 93; *Land v. State* (1984), Ind., 470 N.E.2d 697.