**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL ROGERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1108-CR-772 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol J. Orbison, Judge
The Honorable Anne Flannelly, Commissioner
Cause No. 49G22-0910-FB-085849

**March 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Paul Rogers appeals his conviction for Class B felony burglary. He contends that the evidence is insufficient to show that he broke into the victim's home. Because the evidence shows that Rogers broke into the victim's home, we affirm.

**Facts and Procedural History**

On October 4, 2009, Ralph Evans finished work at approximately 11:30 p.m. and returned to his home on the eastside of Indianapolis. Ralph lived in a duplex with his fiancé, daughter, and grandson. The duplex had two doors, a front door and a back door. Because Ralph's stepson showed up at different times of the night and day, Ralph kept the back door closed but unlocked. On this particular night, the front door was locked and the back door was "shut but unlocked." Tr. p. 42, 43.

After checking on his daughter and grandson, Ralph took off his work pants and put them on the side of his bed. Ralph did not remove his wallet or the money from his pants. Ralph was almost asleep when he had an "eerie feeling" and heard noises. *Id.* at 19. Ralph just figured it was his grandson getting out of his crib. But when Ralph turned over, he saw his pants "moving, like being pulled out of the room on the floor." *Id.* Ralph then saw a "big shadow" that was too big for his one-year-old grandson. *Id.* Ralph screamed, "Hey, you MF," at which point he saw his pants "just fly out" of the bedroom.[1] *Id.* at 22. Ralph "froze" for a moment then yelled "Hey, who is that?" *Id.* Ralph then heard someone fall in the kitchen. Ralph exited his bed, at which point he heard another fall on the stair landing. Ralph proceeded to the kitchen, at which point he

---

[1] We note that the pants were black and not pale green. Dr. Seuss, *The Sneetches and Other Stories* (1961).

heard the screen door shut. Ralph waited a few seconds then went outside and saw a man running along the side of his house. The individual was later identified as Rogers.

Ralph caught up to Rogers and said "Drop my pants." *Id.* at 28. Ralph then heard a car start up and thought that someone was waiting to pick up Rogers. For safety reasons, Ralph decided not to further pursue Rogers. Rogers then ran into an alley. After going home to check on his family, Ralph went back outside "in hopes of getting [his] pants." *Id.* at 31. Although Ralph never found his pants, he found a small kitchen knife, which did not come from his house, and his belt about "a house and a half down." *Id.* at 31. Ralph went back to his house, where he found Rogers' Indiana identification card on the landing.

Ralph called the police. When Indianapolis Metropolitan Police Department Officer Ronald Sayles arrived, Ralph gave him a description of Rogers as well as Rogers' identification card. Officer Sayles started patrolling the area for Rogers. Officer Sayles went to Rogers' home, but he was not there. Officer Sayles continued patrolling the area, at which point he observed an individual fitting the description and whom he knew to be Rogers. Rogers, who did not have Ralph's pants, flagged down Officer Sayles because he wanted to talk to the officer. Officer Sayles read Rogers his *Miranda* rights and then asked for his identification. Rogers said that his identification card was in his sock, but when Officer Sayles checked, it was not there. Later, Officer Jeremy Johnson took Ralph to the scene to identify Rogers. Ralph, who recognized Rogers from the neighborhood, identified him as the individual who ran from his house.

3

There were no signs of forced entry to Ralph's house, and Ralph did not give Rogers permission to enter his home or take his pants.

The State charged Rogers with Class B felony burglary. A bench trial was held in July 2011.[2] The trial court instructed the jury on the lesser-included offense of theft. The jury found Rogers guilty of burglary, and the trial court sentenced him to ten years.

Rogers now appeals.

## Discussion and Decision

Rogers contends that the evidence is insufficient to support his conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* When confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quotation omitted). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

In order to convict Rogers of Class B felony burglary as charged here, the State had to prove beyond a reasonable doubt that Rogers broke and entered Ralph's home with intent to commit theft inside. Ind. Code § 35-43-2-1; Appellant's App. p. 34.

---

[2] This was not Rogers' first trial for this offense. Rogers' first conviction was reversed because the trial court failed to instruct the jury on the lesser-included offense of theft, and the case was remanded for a new trial. *Rogers v. State*, Cause No. 49A02-1005-CR-585 (Ind. Ct. App. Feb. 7, 2011), *trans. denied*. This conviction results from Rogers' retrial.

4

Rogers does not refute that he stole Ralph's pants and as a result committed theft; rather, he contends that the State failed to prove that he broke into Ralph's home.

It is well settled that the "breaking" element of burglary may be established by evidence showing even the slightest use of force to gain unauthorized entry. *Davis v. State*, 743 N.E.2d 751, 753 (Ind. 2001) (citing *Trice v. State*, 490 N.E.2d 757 (Ind. 1986)). This includes opening an unlocked door or pushing a door that is slightly ajar. *Id.* Despite Rogers' argument that he "merely entered an open door," Appellant's Br. p. 6, the evidence clearly shows that Ralph's front door was locked and his back door was "shut, but unlocked." Although Rogers speculates that the door was open when he entered, the evidence clearly shows that the door was shut. Because the evidence shows that Rogers broke into Ralph's home, we affirm Rogers' conviction for Class B felony burglary.

Affirmed.

CRONE, J., and BRADFORD, J., concur.