**Larry Bernard SPIKES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 282S68.**

Supreme Court of Indiana.

Dec. 16, 1986.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This is the third time we have before us the conviction of Defendant-Appellant Larry Bernard Spikes of class B felony, burglary, class A felony, rape, and class A felony, criminal deviate conduct. This Court affirmed Spikes' convictions in *Spikes v. State* (1984), Ind., 460 N.E.2d 954 (DeBruler, J., concurring in result with separate opinion). One of the issues presented was the denial of suppression of Appellant's fingerprints at one of the crime scenes, based on his claim that he was improperly arrested and therefore the fingerprints were illegal fruits of the improper arrest.

Petition for rehearing was denied by this Court on May 14, 1984. Appellant then petitioned the United States Supreme Court for Writ of Certiorari and on April 1, 1985, 471 U.S. 1001, 105 S.Ct. 1861, 85 L.Ed.2d 155 the United States Supreme Court granted Appellant's Petition for Writ of Certiorari, vacated this Court's Opinion and remanded the cause to this Court "for further consideration in light of *Hayes v. Florida* (1985), 470 U.S. [811], 105 S.Ct. 1643, 84 L.Ed.2d 705." *Hayes* was handed down by the United States Supreme Court on March 20, 1985, and concerned the same issue raised by Appellant in this case. The central question in *Hayes* and in the instant case is whether or not Appellant Spikes consented to being taken to the police station for further investigation. In response to the Order of the United States Supreme Court on Remand, we issued a second Opinion, *Spikes v. State* (1985), Ind., 481 N.E.2d 1304. In reviewing this case pursuant to the remand order, we found conflict in the evidence regarding Appellant Spikes' consent. The State and the Defense stipulated the police did not have probable cause to arrest Appellant Spikes at the time they stopped him. There was evidence, however, to which Spikes himself admitted that he told the police he was willing to go to the police station with him. Spikes testified the only reason he gave such permission was that he feared he would be arrested anyway and now claims he was told so by the officers. All of this evidence was before the trial court in its ruling on suppression, but the trial court did not make findings determining whether or not Spikes had, in fact, given consent before his transportation to the station. Since this was a fact bound question to be determined by the trial court and not this Court, we remanded the cause to the trial court to make findings on this issue and re-certify it to us.

The trial court held a hearing and made such findings. On September 5, 1986, Judge Gene R. Duffin filed the following findings made on August 25, 1986:

"ORDER

The Court having taken under advisement the resolution of whether the Defendant, Larry Spikes (Appellant) consented to be transported to the police station and having reviewed the transcript and arguments of counsel, the Court now finds that the police had a reasonable suspicion that the suspect had committed a criminal act and that the Defendant voluntarily consented to be transported to the police station; The Court finding that the Defendant/Appellant told the officers that he would be willing to go to police station with them but preferred to go in an unmarked car rather than a marked squad car; that the officers in compliance with the Defendant/Appellant's request called for and supplied an unmarked squad car (the

Court acknowledging that the Defendant was eventually transported in a marked squad car without any of the police officers or the Defendant apparently knowing why) and that this request by the Defendant/Appellant is not consistent with theory and argument that the Defendant/Appellant would be put under arrest if he did not go with the officers to the station and the findings are hereby amended accordingly.

Copy of order to C.H. Gardner, Deputy Public Defender, Kathleen Ranson (sic) Radford, Deputy Attorney General, and Clerk of the Indiana Supreme Court.

It is so ORDERED this 25th day of August, 1986.

> S: Gene R. Duffin
> Judge,
> Elkhart Circuit Court

As this Order clearly states, the court considered all of the evidence and found that Appellant had voluntarily consented to be transported to the police station. Since there was probative evidence to this effect, even though in conflict, this was a fact bound question to be decided by the trial judge and we find no reason, in fact or in law, to disagree with it.

We were directed by the United States Supreme Court to reconsider our Opinion in view of its Opinion in *Hayes v. Florida, supra.* In *Hayes,* the Florida courts found Hayes did not consent to be taken to the station and there was no probable cause for arrest. The Florida Court of Appeals held that the police could transport Petitioner Hayes to the station house and take his fingerprints on the sole basis of their reasonable suspicion that he was involved in a crime. It was on this basis that the United States Supreme Court reversed *Hayes.* Spikes' situation is distinguished from Hayes' in that there was evidence Spikes had given consent to be taken to the police station and the trial court found that he did in fact consent. We therefore find the trial court did not err in denying the Motion to Suppress.

Our findings on all other issues remain the same and we adopt them and make them part of this opinion.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.