Johnie J. SIMMONS, Plaintiff–Appellant,

v.

CHICAGO AND NORTHWESTERN
TRANSPORTATION COMPANY,
Defendant–Appellee.

No. 92–1704.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1992.

Decided May 7, 1993.

John C. Boylan, Minneapolis, MN, argued (Kirk W. Reilly, on brief), for plaintiff-appellant.

Bruce Johnson, Des Moines, IA, argued for defendant-appellee.

Before MAGILL and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

Plaintiff-appellant, Johnie J. Simmons ("Simmons"), brought suit against defendant Chicago North Western Transportation Company ("the Company") under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.*, alleging the Company's failure to provide a safe working environment. Simmons appeals the judgment, entered upon a jury verdict in favor of the Company, and from the district court's[1] denial of Simmons's Motion for a New Trial. On appeal, Simmons asserts that the court erred in its evidentiary rulings regarding the expert testimony and written report of a state patrolman, and in its jury instructions regarding mitigation of damages. Simmons also asserts that there is insufficient evidence to support the jury's verdict.

I.

Simmons, an employee of the Company, was injured in a collision between a GMC truck in which he was a passenger, and a car driven by Albert Witzel (a defendant with whom Simmons settled prior to trial). The truck, owned by the Company and used by Simmons in the course of his employment, was travelling in the right-hand lane of the interstate when the car driven by Witzel suddenly appeared to the right of the truck. While the parties vigorously dispute the facts, evidence was presented at trial that the car was attempting to merge when it struck the truck on the right, front side. The truck

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable W.C. Stuart, Senior United States District Judge for the Southern District of Iowa.

was knocked into the left-hand lane of the interstate, swerved back to the right and off the side of the interstate, and flipped over as the driver attempted to reenter the pavement. The evidence demonstrated that the truck driver was driving in a safe manner and that the brakes and steering mechanism on the truck were in proper condition at the time of the accident. The truck driver testified that he did not feel that he had lost control of the truck before the truck turned over.

Iowa State Patrolman Toms arrived at the accident twenty minutes after the collision. Toms investigated the physical evidence, and spoke with both the driver of the truck and Simmons. Toms prepared an accident report, and later testified at the trial as an expert witness. Neither Toms's testimony nor the written accident report contained the statement of any witness. Toms testified that his conclusions about the cause of the accident were based upon the physical evidence, as well as the laws of physics. Significantly, Toms stated that his conclusions would have been the same if he had not spoken with the eyewitnesses.

Simmons had previously complained to the Company that the truck was not operating properly, and had had the truck serviced, with the Company's approval, in an attempt to correct the perceived problems. Simmons alleged in his Complaint that the utility box on the truck was oversized, causing the truck to swerve uncontrollably. Simmons's theory was thus, that the Company's negligence caused his injuries because the truck swerved upon impact with the car. There was testimony presented at trial that the utility box was of a normal style and size. The jury returned a general verdict in favor of the Company.

## II.

A. Patrolman Toms's Testimony and Report

Simmons contends that neither Toms's expert testimony as to the cause of the accident nor the accident report prepared by Toms should have been admissible at trial because they are based upon speculation and guesswork. As to Toms's testimony, Simmons argues that the use of the witnesses' state-

ments in forming Toms's opinions gave undue authority and credibility to the witnesses' observations. Simmons relies almost exclusively upon our opinion in *Faries v. Atlas Truck Body Manufacturing Co.*, 797 F.2d 619 (8th Cir.1986), to undergird his arguments.

*Faries* involved an accident between a motorcycle and a milk truck, investigated by a state trooper shortly after the collision occurred. As in the instant case, each party presented a different theory of the cause of the accident. The trooper observed the scene, took measurements (which we noted were incomplete), and interviewed the truck driver and his son, a passenger in the truck. At trial, the trooper's report was admitted and the trooper testified that, in his opinion, the motorcycle was travelling at an excessive speed and lost control, crossing into the path of the truck. Like Simmons, the injured motorcyclist argued that the inadequacy of the investigation and the use of biased sources of information demonstrated a lack of trustworthiness.

In our ruling that the evidence was inadmissible, we found that the trooper's opinion was merely conjecture, rather than an investigatory finding, and that the written report was nothing more than conjecture reduced to written form. *Id.* at 623. Most notably, the trooper's report did not contain physical evidence sufficient to support his conclusions, nor was there any method for corroborating the report. Given the insufficiency of facts, we determined that the trooper's opinion was derived almost entirely from the statements of the biased eyewitnesses, and was inherently untrustworthy.

██ *Faries* is not dispositive of this case. Toms consistently maintained at trial that his report and opinion were not based upon the statements of the eyewitnesses. Indeed, as we have previously noted, Toms stated that his testimony would have been the same, whether or not he had spoken to the witnesses. The written report was properly admitted as a public record. Rule 803(8)(C) of the Federal Rules of Evidence specifically provides that such records are not excludable as hearsay if the indicia of trustworthiness are present. We have cited

*Baker v. Elcona Homes Corp.*, 588 F.2d 551 (6th Cir.1978), *cert. denied,* 441 U.S. 933, 99 S.Ct. 2054, 60 L.Ed.2d 661 (1979), with approval, a case in which the sixth circuit set forth several factors to be considered in determining the trustworthiness of a public record. Here, those elements are satisfied. The investigation was timely, Toms is an experienced and skilled officer, and there is no indication that Toms was motivated by anything other than objectivity. This accident presented an uncomplicated factual scenario, one which could easily be verified by a reconstructionist viewing the damage to the two vehicles. Further, Toms's testimony was corroborated by other witnesses at trial. "The party opposing the admission of the matter reported as a public record has the burden of proving lack of trustworthiness." *Faries,* 797 F.2d at 622. Simmons has not carried his burden in this case.

 Likewise, Toms's testimony was properly admitted as expert testimony under Rule 703 of the Federal Rules of Evidence. Toms relied upon the physical evidence in forming his conclusions, basing his opinion on facts and data "of a type reasonably relied upon by experts in a particular field". Fed. R.Evid. 703. The facts and data have met the criteria of "reasonable reliance". *Faries,* 797 F.2d at 624.[2]

**B. Mitigating Damages and Insufficiency of the Evidence**

Simmons's remaining two arguments are not of merit and do not deserve further consideration by this court. There was ample evidence presented to support the jury instruction regarding mitigation of damages. Any alleged error was harmless, as the jury returned a verdict that the Company was not guilty of any negligence causing Simmons's injuries.

Likewise, the evidence supporting the jury's verdict was not in any instance insufficient. We refuse to invade the jury's province, unnecessarily reweighing the conflicting facts and judging for ourselves the credibility of the witnesses. The jury and the court have carried out their duties, and their judg-ment will not be disturbed at the behest of an unhappy litigant.

### III.

For the reasons stated above, the judgment of the district court is affirmed.

---

2. The Advisory Committee Notes to Fed.R.Evid. 703 specifically note that eyewitness observations do not satisfy this criteria and cannot be used by experts in accident reconstruction. Toms did not use such observations in forming his opinion.

