821 So.2d 536 (2002)
Joan M. LYONS, Provisional Tutrix of the Minor Children, Johnny Ray Allen and Jennifer Lynn Allen, Plaintiff-Appellant
v.
J.A. AUGER, INC., Reliance Insurance Company of Illinois and Francis Brown, Defendant-Appellee.
No. 35,691-CA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 2002.
Rehearing Denied August 8, 2002.
*537 W. Mark McKee, Ronald Patrick Camp, West Monroe, for Plaintiff-Appellant.
Michael J. Fontenot, Monroe, for Defendant-Appellee.
Before NORRIS, STEWART and DREW, JJ.
NORRIS, Chief Judge.
This appeal arises out of an auto accident involving a 1994 Subaru, driven by Kelly Jo Allen, and a 1994 International tractor trailer driven by Francis Brown for J.A. Auger, Inc. The children of Ms. Allen, through their tutrix, Joan Lyons, appeal the trial court's judgment finding that they had not carried their burden of proof by a preponderance of the evidence that Mr. Brown was at fault for the accident. We affirm.

Facts
On October 15, 1998, at about 6:30 a.m., Kelly Jo Allen was driving to work at Bancroft Bag and Francis Brown was driving an 18-wheeler from J.A. Auger Trucking in Farmerville to the paper mill in West Monroe, La.
Both were driving south on North 7th Street, a four-lane road in West Monroe, La. Prior to the collision, Mr. Brown and his rig were in the inside or left-hand lane; Ms. Allen, in her Subaru, was in the outside or right-hand lane. Near the intersection of Drago Street and North 7th Street, the vehicles collided, causing Ms. Allen's car to spin and cross the centerline, where it was struck by a second 18-wheeler in the oncoming, northbound, lanes. Ms. Allen died as a result of injuries sustained in the accident.
*538 The children of Ms. Allen, through their tutrix, Joan Lyons, brought this action against Brown, J.A. Auger, Inc., and their insurer Reliance Insurance Company. The plaintiffs alleged that Brown was at fault for the accident and sought damages for wrongful-death, pre-impact fear, and special damages.
After a full trial on the merits, the trial court found that the plaintiffs had not carried their burden of proof by a preponderance of the evidence that Mr. Brown was at fault for the accident, and dismissed the plaintiffs' suit with prejudice. The court found that Mr. Brown was operating his truck in a prudent and safe manner, that he had remained in his lane, the inside lane, at all times, and that Ms. Allen was at fault for the accident.
The plaintiffs appeal asserting two assignments of error. First, the plaintiffs argue that the trial court erred in allowing an expert witness for the defense to testify as to his use of a computer simulation without demonstrating its requisite reliability pursuant to Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Second, the plaintiffs claim that the trial court did not properly consider all of the evidence.

DiscussionExpert Testimony
The plaintiffs argue that the trial court erred in allowing testimony concerning Mr. Gonzales's use of a computer simulation without demonstrating its requisite reliability pursuant to Daubert's guidelines for the admissibility of scientific evidence. Daubert, supra at 588, 113 S.Ct. 2786. The plaintiffs argue that the computer program used could not properly simulate the actual vehicles involved in this accident and that therefore it was not reliable under the Daubert standard as scientific evidence.
In this case, Mr. Alfred Gonzales was accepted by the court as an expert in accident reconstruction for the defendants. Mr. Gonzales is a retired trooper for the State Police, who has practiced as a full time accident reconstructionist for 13 years, and is certified by the Accreditation Commission for Traffic Accident Reconstructionists. He testified that he has been accepted as an expert in accident reconstruction almost one hundred times by the courts of three states, including Louisiana. His qualifications as an expert are not challenged by plaintiffs in this appeal. Mr. Gonzales testified that it was his expert opinion that Ms. Allen's vehicle encroached into the path of Mr. Brown's 18-wheeler.
Mr. Gonzales stated that he based his opinion solely upon his examination of the evidence of the accident, including the accident reports, witness statements, photographs, and positioning of the vehicles and yaw marks. He testified that he only used a computer simulation to test some of his theories as to the cause of the accident and the location of the skid marks left by the vehicles. He further testified that the simulation results confirmed his theories. However, Mr. Gonzales informed the court that all computer simulations are imperfect recreations of the circumstances of an accident, and the particular EDSMAC program that he used was unable to represent articulated and dual wheeled vehicles like 18-wheelers. Mr. Gonzales testified that, while computer simulations can be a useful tool to test certain aspects of a theory, they should not be the sole evidence relied upon by an expert to formulate an opinion about the causes of an accident.
In this case, the simulation was never entered into evidence before the court as scientific proof of the cause of the accident. No exhibit showing the start, middle or ending of the simulation was ever admitted into evidence. Mr. Gonzales stated that he developed his opinion as to the cause of *539 the accident based solely on the facts of the accident and his expertise, independent of this simulation.
La.C.E. art. 703 entitled "Bases of opinion testimony by experts," provides the following:
The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in a particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. (emphasis added)
Because the computer simulation itself was not entered into evidence as scientific proof of the cause of the accident, and because Mr. Gonzales's expert opinion was based on evidence other than the result of this one computer program, it was not necessary for the trial court to perform a Daubert analysis as to the admissibility of the computer simulation. Article 703 provides that an expert may base his opinion on material that would be inadmissible as evidence if the material is of a type reasonably relied upon by experts in the particular field. Willie v. American Casualty Co., 547 So.2d 1075 (La.App. 1 Cir. 1989), writ denied 584 So.2d 678 (La.1991). It was therefore proper for the trial court to allow Mr. Gonzales to testify as to the results of the simulation, without performing a Daubert analysis of the simulation, if it believed that Mr. Gonzales's reliance on the simulation was a reasonable one for experts in his field. Therefore, we find that plaintiffs' assignment of error under Daubert lacks merit.
Louisiana Code of Evidence article 703 is a verbatim reproduction of Federal Rule of Evidence 703. Id. Under the federal rule, much deference is given to the expert's opinion that other experts in his field reasonably rely on the inadmissible sources of information. Id., citing Greenwood Utilities Commission v. Mississippi Power Co., 751 F.2d 1484 (5th Cir.1985). The trial court is accorded vast discretion concerning admission of evidence and its decision will not be reversed on appeal absent abuse of that discretion. O'Neill v. Thibodeaux, 97-1065 (La.App. 3 Cir. 3/6/98), 709 So.2d 962, writ denied 98-0741,98-0870 (La.5/1/98), 718 So.2d 416, 420.
We do not find it error to rule that the use of this computer program to perform a series of very basic collision scenarios meets the criteria of "reasonable reliance." See Simmons v. Chicago and Northwestern Transp. Co., 993 F.2d 1326, 1328 (8th Cir.1993); Berry v. Armstrong Rubber Co., 989 F.2d 822 (5th Cir.1993); Malmay v. Sentry Ins. Co., 550 So.2d 366 (La.App. 3 Cir.1989).
However, the fact that the expert may base his opinion or inference on inadmissible evidence does not necessarily imply that the expert may relate such information to a jury. Meyers v. American Seating Co., 93 1350 (La.App. 1 Cir. 5/20/94), 637 So.2d 771, writ denied 94-1569, 94-1633 (La.10/7/94), 644 So.2d 631, 632. Whether he may do so is governed by La. C.E. arts. 705 and 403. See Comment (f) to La. C.E. art. 703.
La. C.E. art. 705 provides, in pertinent part, as follows:
In a civil case, the expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination.
La. C.E. art. 403 provides that evidence, although relevant, may be excluded *540 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. A trial court is granted wide discretion in determining whether the probative value of evidence is outweighed by the danger of unfair prejudice, and its finding will not be disturbed on appeal in the absence of an abuse of that discretion. Myers, supra.
As a general rule, the factual basis of an expert's opinion goes to the credibility of the testimony, not its admissibility, and it is up to the opposing party to examine the factual basis of the expert's opinion in cross-examination. La. C.E. art 702; Barre v. Bonds, 99-1806 (La.App. 4 Cir. 5/10/00), 763 So.2d 60, citing Rowe v. State Farm Mut. Auto. Ins., 95-669 (La.App. 3 Cir. 3/6/96), 670 So.2d 718, writ denied, 96-0824 (La.5/17/96), 673 So.2d 611. Ultimately, the weight to be given expert testimony is dependent upon the facts on which it is based, as well as the professional qualifications and experience of the expert. Thomas v. Petrolane Gas Service L.P., 588 So.2d 711 (La.App. 2 Cir.1991), writ denied 590 So.2d 1201 (La.1992); Barre, supra, citing Rogers v. Roch, 95-242 (La.App. 5 Cir. 10/18/95), 663 So.2d 811, writ denied 95-2769 (La.1/26/96), 666 So.2d 678.
In this case, the trial court was made fully aware of the limitations of the computer program by Mr. Gonzales through his frank testimony and the court's own questions to him. Furthermore, because this was a bench trial, there was no danger of prejudicing or confusing a jury. We find that the trial judge properly addressed the concerns of the plaintiffs at trial by stating that any objections to the accuracy of the simulation would go to the weight of the testimony, not its admissibility. Thomas, supra; see also U.S. v. Hollman, 541 F.2d 196 (8th Cir.1976). Plaintiffs had a full and fair opportunity to cross-examine Mr. Gonzales as to the basis of his opinion and any shortcomings of his experiments. Barre, supra. Plaintiffs further submitted their own expert testimony as to the cause of the accident.
The trial court was not in error therefore to allow Mr. Gonzales to testify as to his limited use of the computer program. See La.C.E. art. 705. It should also be noted that the court never mentioned the simulation testimony in its 14-page reasons for judgment, and that there is no evidence that the trial judge improperly relied upon this testimony.

Consideration of the Evidence
The plaintiffs' second assignment of error is that the trial court did not properly consider all of the evidence.
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Touchard v. Slemco Elec. Foundation, 99-3577 (La.10/17/00), 769 So.2d 1200; Smith v. Dishman & Bennett Specialty Co., 35,682 (La.App. 2 Cir. 1/23/02), 805 So.2d 1220. When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review; the issue for the reviewing court is not whether the trier of fact was wrong, but whether the fact finder's conclusions were reasonable under the evidence. Id. When a factfinder's determination is based on its discretion to credit the testimony of one of two or more witnesses, that finding can virtually never be wrong. Id.; Rosell v. ESCO, 549 So.2d 840 (La.1989).
Plaintiffs point out that the investigating officers at the scene of the accident both testified that the driver of the semi, Mr. Brown, had told them at the scene that he did not know where Ms. Allen's car was positioned prior to the accident. Mr. Brown later testified under deposition that he had seen a vehicle coming up behind *541 him at a high rate of speed just before the accident.
Plaintiffs argue that these two statements are irreconcilable and amount to inconsistent testimony by Mr. Brown, such that only the physical facts of the case should have been considered by the trial court. The plaintiffs contend that the totality of the physical evidence, consisting of the damage to the vehicles and the skid or yaw marks left on the road, leads to the conclusion that the 18-wheeler had crossed into the outside lane of travel and that Mr. Brown was therefore at fault for the accident. In support they cite the testimony of their expert in accident reconstruction, Mr. John Bentley.
It was Mr. Bentley's opinion that, at one point during the accident, the Subaru was positioned perpendicular to the road and Mr. Brown's 18-wheeler, and that the front of Mr. Brown's 18-wheeler struck and damaged the driver's side of the Subaru. It was at this time during the accident that the Subaru left the yaw marks in the road. It was Mr. Bentley's opinion that, given the respective positions of the vehicles, the 18-wheeler must have been positioned in the Subaru's original lane of travel, the right-hand or outside lane. On cross-examination, however, Mr. Bentley admitted that, looking at the damage to the vehicles alone, one could not tell their position in the roadway or who was responsible for the collision. Nevertheless, it was his opinion that at some point Mr. Brown's 18-wheeler encroached into Ms. Allen's lane causing the accident.
Mr. Gonzales, the expert for the defendants, also reviewed the evidence of the accident including the accident reports, photographs of the vehicles and yaw marks, and witness statements. It was his opinion that because Ms. Allen's car traveled from the outside lane, across the inside lane, and then across the centerline, her Subaru initially encroached into the inside lane and the path of Mr. Brown's 18-wheeler. Mr. Gonzales testified that he had viewed videos produced by an accident reconstruction firm which depicted both possible scenarios. In all tests showing a semi moving into the path of a car in the right hand lane, the car continued to travel to the right, toward the shoulder of the road and away from the centerline. However, in tests showing a car moving from the right-hand lane into the left-hand lane colliding with an 18-wheeler, the car continued to travel to the left, across the centerline. It was Mr. Gonzales's opinion that the evidence of the accident, including the accident reports, photographs of the vehicles and yaw marks, indicates that Ms. Allen's Subaru encroached into the inside lane and the path of Mr. Brown's 18-wheeler.
A review of the record reveals that the trial judge was thoughtful and reasoned the entire time of the trial, and that there is nothing in his trial demeanor or his reasons for judgment to suggest that he did not consider all of the evidence. After consideration of both sides' theories, he found the defendant's argument more consistent with the physical evidence and testimony in the case. It is plausible that Mr. Brown's statements to the investigating officers are not inconsistent with his deposition testimony because he was not certain that Ms. Allen's car was the same car he had seen approaching him from behind on the day of the accident. Furthermore, Mr. Brown consistently denied leaving the inside lane of travel and fault for the accident.
Upon a thorough review of this record we cannot find the trial court's ruling manifestly erroneous or unreasonable.

Conclusion
The judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.
*542 APPLICATION FOR REHEARING
Before NORRIS, C.J., WILLIAMS, STEWART, CARAWAY, and DREW, JJ.
Rehearing denied.