Stacey **FOWLER**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0910–CR–1037.

Court of Appeals of Indiana.

June 30, 2010.

---

Suzy St. John, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Angela N. Sanchez, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Stacey Fowler appeals her conviction for Class B misdemeanor battery. We hold that (1) the victim's booking card from a prior, unrelated arrest was admissible under the public records exception to the hearsay rule, (2) introduction of the booking information did not violate Stacey's Sixth Amendment confrontation rights, (3) even if the exhibit was unnecessarily cumulative, Stacey fails to establish that she was prejudiced as a result of its admission, and (4) any alleged error in the exclusion of the arresting officers' out-of-court statements was waived for failure to make an offer of proof. We affirm the judgment of the trial court.

### Facts and Procedural History

Stacey and her husband Ricky Fowler got into an argument outside their home. Ricky called the police. Officers Nicole Bockting and David Shimp responded. Ricky identified himself verbally to the police officers. Ricky told the officers that Stacey had taken his wallet. At some point Stacey walked up to Ricky and pushed him with both hands. Ricky was knocked off-balance. The officers placed Stacey under arrest. Officer Shimp re- trieved Ricky's wallet from Stacey's truck. He removed an I.D. from the wallet to make sure it belonged to Ricky. The I.D. displayed Ricky's name and picture.

The State charged Stacey with Class B misdemeanor battery, Indiana Code section 35–42–2–1. The information alleged that Stacey "did knowingly touch RICKY FOWLER, another person in a rude, insolent or angry manner." Appellant's App. p. 12.

Officers Bockting and Shimp both testified at Stacey's bench trial, but Ricky did not appear. To help establish the identity of the victim, the State introduced a certified Indianapolis Metropolitan Police Department "Booking Information" printout containing a mugshot of Ricky along with his name, date of birth, and physical description. Ricky evidently had been arrested in 2005 for an unrelated theft, so the police had his picture and personal information on file. The booking card stated on the bottom that it was "FOR LAW ENFORCEMENT USE ONLY." State's Ex. 1. The State asked Officer Shimp if he recognized the person in the 2005 booking photo. Officer Shimp responded, "That's the male half of the disturbance, Ricky Fowler." Tr. p. 16. The defense objected to the State's exhibit. The defense argued that the document was inadmissible hearsay and that its introduction violated Stacey's constitutional confrontation rights. The trial court admitted the exhibit over objection. The trial court also noted, "State's Exhibit # 1 is cumulative really. . . . The officers have testified credib[ly] that they in fact identified Mr. Fowler by his own [I.D.] They knew who he was. They knew exactly who she allegedly battered. And so, State's Exhibit # 1 is cumulative at best." Id. at 24.

Stacey took the stand and testified in her own defense. Stacey told her version of the events in question, and she attempt-

ed to relay various statements that were made to her by Officers Shimp and Bockting at the scene of the altercation. The State objected on hearsay grounds, and trial court sustained the objections. The defense did not make an offer of proof with respect to the excluded testimony.

The trial court found Stacey guilty as charged. Stacey now appeals.

### Discussion and Decision

Stacey raises four issues: (1) whether Ricky's booking card constituted inadmissible hearsay, (2) whether its admission violated her Sixth Amendment right to confrontation, (3) whether the exhibit was unnecessarily cumulative, and (4) whether the trial court erred by excluding various out-of-court statements of the arresting officers.

### I. Booking Information Printout

#### A. Hearsay Claim

■ Stacey argues that Ricky's booking information printout constituted inadmissible hearsay.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Hearsay is not admissible except as provided by law or by other court rules. Ind. Evidence Rule 802.

One exception to the hearsay rule is for "public records and reports." *See* Ind. Evidence Rule 803(8). The public records exception provides:

[u]nless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or data compilations in any form, of a public office or agency, setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or

factual findings resulting from an investigation made pursuant to authority granted by law. The following are not within this exception to the hearsay rule: (a) investigative reports by police and other law enforcement personnel, except when offered by an accused in a criminal case; (b) investigative reports prepared by or for a government, a public office, or an agency when offered by it in a case in which it is a party; (c) factual findings offered by the government in criminal cases; and (d) factual findings resulting from special investigation of a particular complaint, case, or incident, except when offered by an accused in a criminal case.

*Id.* "The hearsay exception for public records and reports is based on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports." 13 Robert Lowell Miller, Jr., *Indiana Practice: Indiana Evidence* § 803.108 (3d ed.2007).

Indiana's public records exception differs in some respects from its state and federal counterparts. *Id.* § 803.108F. But "in the absence of our own case law on [an] issue, we may be informed by looking to federal case law and the law of other states concerning the meaning of 803(8)." *Ealy v. State,* 685 N.E.2d 1047, 1051 (Ind. 1997).

A document need not be open and available to the public in order to qualify for admission under the public records exception. 2 Kenneth S. Broun, *McCormick On Evidence* § 295 (6th ed. 2006); *see also Jones v. State,* 267 Ind. 205, 208, 369 N.E.2d 418, 420 (1977), *overruled on other grounds by Elmore v. State,* 269 Ind. 532, 539, 382 N.E.2d 893, 897 (1978). What the rule requires—at least in part—is that the entity that created the record be a public office or agency. Evid. R. 803(8).

The public records exception still excludes investigative police reports when offered against the accused in criminal trials. *See id.* "[T]he reason for this exclusion is that observations by police officers at the scene of the crime or the apprehension of the defendant are not as reliable as observations by public officials in other cases because of the adversarial nature of the confrontation between the police and the defendant in criminal cases." S.Rep. No. 93–1277, at 17 (1974), 1974 U.S.C.C.A.N 7051, at 7064.

However, this exclusion does not bar admission of police records pertaining to "routine, ministerial, objective nonevaluative matters made in non-adversarial settings." 30B Michael H. Graham, *Federal Practice & Procedure* § 7049 (Interim ed. 2006). "Due to the lack of any motivation on the part of the recording official to do other than mechanically register an unambiguous factual matter ..., such records are, like other public documents, inherently reliable." *United States v. Quezada,* 754 F.2d 1190, 1194 (5th Cir.1985).

Accordingly, courts have held that the public records exception permits admission of police records created in connection with routine booking procedures. *See, e.g., United States v. Dowdell,* 595 F.3d 50, 70–72 (1st Cir.2010); *see also United States v. Koontz,* 143 F.3d 408, 411–13 (8th Cir. 1998). As the First Circuit recently explained, "[t]he rote recitation of biographical information in a booking sheet ordinarily does not implicate the same potential perception biases that a subjective narrative of an investigation or an alleged offense might." *Dowdell,* 595 F.3d at 72; *see also United States v. Weiland,* 420 F.3d 1062, 1075 (9th Cir.2005) ("[F]ingerprinting and photographing a suspect ... are the types of routine and unambiguous matters to which the public records hearsay exception in [FRE] 803(8)(B) is designed to apply.").

Here the State used a certified booking information printout to help establish the identity of the victim. Officer Shimp testified that the man pictured on the booking information sheet was the same person who was battered by Stacey in this case. The booking printout identified the man pictured as Ricky Fowler. The document thus constituted hearsay evidence because it was offered for its truth—*i.e.,* to prove that the man in the mugshot was indeed Ricky. The booking card was created by law enforcement, but the biographical information on the printout was obtained and recorded in the course of a ministerial, nonevaluative booking process. In line with the foregoing, we find that the exhibit fell within the ambit of Evidence Rule 803(8) and was not subject to the police reports exclusion.

### B. Sixth Amendment Confrontation Claim

Stacey argues in the alternative that the booking record was admitted in violation of her Sixth Amendment confrontation rights.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." The right to confrontation guaranteed by the Sixth Amendment is made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Pointer v. Texas,* 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

In *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held that the Confrontation Clause bars admission of testimonial hearsay in criminal trials unless the declarant is unavail-

able to testify and the defendant had a prior opportunity to cross-examine him. *Id.* at 68, 124 S.Ct. 1354; *see also Davis v. Washington,* 547 U.S. 813, 821–22, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford,* 541 U.S. at 68–69, 124 S.Ct. 1354. A critical aspect of the *Crawford* holding is its application only to "testimonial" statements. *Davis,* 547 U.S. at 821, 126 S.Ct. 2266. "It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." *Id.* The *Crawford* majority declined to provide a comprehensive definition of "testimonial," 541 U.S. at 69, 124 S.Ct. 1354, but it identified "various formulations" of the "core class of 'testimonial' statements":

> (1) ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially;
>
> (2) extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions;
>
> (3) statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

*Pendergrass v. State,* 913 N.E.2d 703, 706 (Ind.2009) (quoting *Crawford,* 541 U.S. at 51–52, 124 S.Ct. 1354), *cert. denied* 130 S.Ct. 3409, 177 L.Ed.2d 323, 2010 WL 197668 (June 14, 2010); *see also Melendez–Diaz v. Massachusetts,* —— U.S. ——, ——–——, 129 S.Ct. 2527, 2539–40, 174 L.Ed.2d 314 (2009) (holding inculpatory forensic lab certificates testimonial, but noting that "[b]usiness and public records are generally admissible absent confrontation ... because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial").

The booking information printout introduced in this case was not testimonial evidence within the purview of *Crawford.* Ricky's booking card recited biographical and physical identification information obtained solely for custodial purposes. The printout was not created to prove some fact at trial. We thus conclude that the document did not constitute testimonial hearsay, and the introduction of the information did not implicate Stacey's Sixth Amendment confrontation rights. *See Johnson v. Renico,* 314 F.Supp.2d 700, 707 (E.D.Mich.2004).

### C. Cumulative Evidence Claim

■ Stacey also contends that the booking printout was unnecessarily cumulative. Indiana Evidence Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

■ Admission of cumulative evidence alone is insufficient to warrant a new trial. *Helsley v. State,* 809 N.E.2d 292, 296 (Ind.2004). An appellant must establish that the probative value of the evidence was outweighed by the unfair prejudice flowing from it. *Id.* In addition, prejudice resulting from repetitive evidence is even less likely to occur in a bench trial than in a jury trial. *Roop v.*

*State*, 571 N.E.2d 568, 570 (Ind.Ct.App. 1991), *trans. denied.*

Here Officer Shimp was able to identify the victim as Ricky Fowler because he examined an I.D. from Ricky's wallet at the scene of the crime. The identification furnished by the booking card was thus cumulative. The trial court so noted. However, we find no basis to conclude that Stacey was prejudiced as a result of the exhibit's admission. We therefore find any alleged error to be harmless.

## II. Arresting Officers' Excluded Statements

■ Stacey finally argues that the trial court erred by excluding out-of-court statements made by the arresting officers at the scene of the altercation.

■ "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... [i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the court by a proper offer of proof, or was apparent from the context within which questions were asked." Ind. Evidence Rule 103(a). In order to preserve the exclusion of evidence for appellate review, a defendant must make an offer of proof, setting forth the grounds for admission of the evidence and the relevance of the testimony. *Farmer v. State*, 908 N.E.2d 1192, 1201 (Ind.Ct.App.2009).

In this case, Stacey tried to testify to statements made by Officers Bockting and Shimp at the time of the incident. The trial court excluded the statements on hearsay grounds. Stacey made no offer of proof with regard to her excluded testimony. Nor can the substance of her excluded testimony, along with its relevance to her defense, be discerned from the trial record. We therefore find any alleged

error in the exclusion of Stacey's testimony to be waived.

Affirmed.

NAJAM, J., and BROWN, J., concur.