BRADFORD, Judge,
concurring.
While I concur with the disposition of the issues in all respects, I write separately to share some thoughts on both the admissibility of police-prepared accident reports and paragraph six of Trooper Mullen’s affidavit!
I. Trooper Mullen’s Accident Report
I agree that Trooper Mullen’s accident report should have been struck from the designated evidence, because it is clearly an “investigative” report authored by law-enforcement, prepared after interviewing witnesses and evaluating the physical evidence at the scene. See Evid. R. 803(8)(B)(i). That said, the traditional rationale for excluding police reports does not seem to apply under the facts of this case. As this court observed in Fowler v. State, 929 N.E.2d 875, 879 (Ind.Ct.App. 2010), trans. denied, the reason for excluding police reports is that “observations by police officers at the scene of the crime or the apprehension of the defendant are not as reliable as observations by public officials in other cases because of the adversarial nature of the confrontation between the police and the defendant in criminal cases.” • An accident report used in a civil case, on the other hand, strikes me as a different animal, because, while an accident might give rise to adversaries in civil litigation, the agency employing the investigating police officer is not likely to be one of them. If Trooper Mullen or the Indiana State Police had a dog in this particular fight, it is not apparent from the record. So, even though this is a civil case and there is no reason to doubt Trooper Mullen’s impartiality in preparing his report, Indiana Evidence Rule 803(8)(B)(i) clearly excludes “investigative reports by police and other law enforcement person *617 nel, except when offered by an accused in a criminal case[.]”
While I acknowledge that similar reports are admissible in at least some other jurisdictions, these jurisdictions appear to all have a “public records” exclusion based on the Federal Rule of Evidence 80S,[4] while Indiana’s (and those of approximately ten other states) is based on the 1974 version of the Uniform Rules of Evidence. See, 18 Robert Lowell Miller, Jr., Indiana Evidence § 808.108F, at 898 (3d ed.2007). Federal Rule of Evidence 803(8) provides, in part, that the following is not excluded by the rule against hearsay: “A record or statement of a public office if ... it sets out[,] in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation!)]” Notably, Federal Rule 803(8) specifically provides for the admissibility of public records in civil cases, unlike Indiana’s rule. In summary, I agree that Indiana’s version of Evidence Rule 803 requires exclusion of Trooper Mullen’s report, even though there does not seem to be any reason to doubt its reliability.
II. Paragraph Six of Trooper Mullen’s Affidavit
I also agree that paragraph six of Trooper Mullen’s affidavit was properly struck. Trooper Mullen’s affidavit was offered as being based on his personal knowledge, and the State on appeal argues that he was qualified as a skilled witness to offer the opinions set forth in his affidavit, that is, who caused the accident. As the majority points out, however, a skilled witness’s opinion testimony may not be based on information received from others, as was the case here. Pursuant to Indiana Evidence Rule 701, which governs the admissibility of opinion testimony by so-called “skilled” witnesses,
If the witness is not testifying as an expert, the witness’s testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness’s testimony or the determination of a fact in issue.
“A skilled witness is a person with ‘a degree of knowledge short of that sufficient to be declared an expert under [Indiana Evidence] Rule 702, but somewhat beyond that possessed by the ordinary jurors.’ ” Kubsch v. State, 784 N.E.2d 905, 922 (Ind. 2003) (quoting 13 Robert Lowell Miller, Jr., Indiana Evidence § 701.105, at 318 (2d ed.1995)). The Indiana Supreme Court has made it clear that “perception” does not include “perceiving” what another person is telling you:
“Perception” has been defined as “[t]he process, act, or faculty of perceiving .... [i]nsight, intuition, or knowledge gained by perceiving.” The Amer *618 ican Heritage College Dictionary 1014 (3d ed. 1993). In turn, “perceive” has been defined as “[t]o become aware of directly through any of the senses, esp. sight or hearing.” Id. at 1013.
Kubsch, 784 N.E.2d at 922 (concluding that opinion testimony from police officer was inadmissible because “[t]here was nothing that Detective Richmond either saw or heard at the scene of the crime, or became aware of through his other senses, that supported the basis for his opinion.”); see also Robert L. Miller, Courtroom Handbook on Indiana Evidence 262 (2013) (in order for skilled witness pursuant to Indiana Evidence Rule 701, witness “must provide a basis sufficient for the judge to find that the witness is testifying from personal knowledge rather than upon hearsay or the opinions of another”). Because Trooper’s Mullen’s opinions regarding the cause of the accident are based, at least in part, on witness interviews, he will have to be qualified, if possible, as an expert under Indiana Evidence Rule 702 if he is to offer them at trial.

. See, e.g., Simmons v. Chicago & Nw. Transp. Co., 993 F.2d 1326, 1327 (8th Cir.1993) (concluding that police accident report was admissible in suit by commercial driver against his trucking company on basis that "Rule 803(8)(C) of the Federal Rules of Evidence specifically provides that such records are not excludable as hearsay if the indicia of trustworthiness are present”); McRae v. Echols, 8 S.W.3d 797, 800 (Tex.App.2000) (concluding that police accident report was admissible pursuant to Texas Evidence Rule 802(8), which provides for admissibility of public records "in civil cases as to any party and in criminal cases as against the state, factual findings resulting from an investigation made pursuant to authority granted by law”); Gardner v. Comm'r of Pub. Safety, 423 N.W.2d 110, 114 (Minn.Ct.App.1988) (concluding that it was within trial court’s discretion to consider police report and police letter to Commissioner of Public Safety pursuant to Minnesota Rule of Evidence 803(8)(c), which provides "for the admission of statements of public agencies that set forth ‘factual findings resulting from an investigation made pursuant to authority granted by law,’ unless a lack of trustworthiness is indicated”).